**Arthur L. RIVERS, Appellant,**

v.

**M. L. ROYSTER, Assistant Superintendent Virginia State Farm, Appellee.**

**No. 10351.**

United States Court of Appeals
Fourth Circuit.

Argued Feb. 10, 1966.

Decided April 25, 1966.

Collins Denny, III, Richmond, Va. (Court-assigned counsel) [Denny, Valentine & Davenport, Richmond, Va., on brief], for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, and James Parker Jones, Asst. Atty. Gen. of Virginia, on brief), for appellee.

Before SOBELOFF and J. SPENCER BELL, Circuit Judges, and HUTCHESON, District Judge.

J. SPENCER BELL, Circuit Judge:

The petitioner appeals from an order of the district court dismissing his action for equitable relief without a plenary hearing on the ground that it sets forth no justiciable issue because it deals with the internal administration of the state prison system where the petitioner is lawfully confined. The complaint alleges that the prison superintendent has denied the petitioner the right to receive a nonsubversive Negro newspaper, the Chicago Defender, because he is a Negro, while permitting white inmates to receive "white" newspapers. The complaint not only alleges a general denial of Negro newspapers to Negro prisoners, it also alleges that on February 15, 1965,

an issue of the Chicago Defender sent to the petitioner was denied him not as an act of discipline for misconduct but because it was a Negro newspaper.

■ We think that the petitioner's constitutional rights have been abridged in the denial to him of his equal protection rights under the Fourteenth Amendment since he is denied a right as a Negro which is being granted to white prisoners.

■ The action is based upon the Civil Rights Act of 1871, 42 U.S.C. § 1983,[1] which proscribes the denial of equal rights to all United States citizens under color of any statute. Jurisdiction is conceded under 28 U.S.C. § 1343. Virginia law permits a prisoner "to have and read such newspapers and magazines as he may subscribe for or may be given to him or sent him and not deemed by the prison authorities to be subversive of discipline." Virginia Code Ann. § 53–34 (Repl.Vol.1958). The truth of the petitioner's allegations must be conceded for the purposes of this appeal. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Jordan v. Hutcheson, 323 F.2d 597 (4 Cir. 1963).

His right to receive and read nonsubversive newspapers while in prison is specifically granted by Virginia law. The alleged discrimination involves a constitutional right which overrides the court's reluctance to interfere with prison administration and discipline. Childs v. Pegelow, 321 F.2d 487 (4 Cir. 1963); United States ex rel. Cleggett v. Pate, 229 F.Supp. 818 (D.C.N.D. Ill.

1964); Sewell v. Pegelow, 291 F.2d 196 (4 Cir. 1961); Pierce v. LaValle, 293 F.2d 233 (2 Cir. 1961).

■ The petitioner's rights are federal constitutional rights based upon the Fourteenth Amendment and the Civil Rights Act of 1871, 42 U.S.C. § 1983; therefore, no exhaustion of state remedies is required.

"It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961).

■■ Here, where the terms of the state law are clear, there is no basis for abstention to require the exhaustion of either administrative or judicial remedies. McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Powell v. Workman's Compensation Bd., 327 F.2d 131 (2 Cir. 1964). Nor do we see the case in its present posture as involving a matter of prison discipline.[2] The prison superintendent may not resort to acts of racial discrimination in the administration of the prison. The State has filed an answer denying the allegations of the complaint. If the alleged act never took place or the periodical was denied the petitioner on grounds other than race, then the court may consider refusing to interfere with matters of proper prison discipline.

Reversed and remanded.

---

1. "§ 1983. Civil action for deprivation of rights

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. The complaint does not disclose even a contention by the prison authorities that the denial was an act of punishment for misconduct by the petitioner or that the newspaper involved was subversive.