**Richard J. MAYBERRY, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 16215.**

United States Court of Appeals Third Circuit.

Submitted March 18, 1968.

Decided April 29, 1968.

Richard Mayberry, pro se.

Frank P. Lawley, Deputy Atty. Gen., Harrisburg, Pa., for appellee.

Before McLAUGHLIN, FORMAN, and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Richard J. Mayberry, while an inmate of the State Correctional Institution, Pittsburgh, Pennsylvania, mailed a pro se civil rights complaint to the United States District Court for the Western District of Pennsylvania. Attached was his petition to proceed in forma pauperis verified by a conventional pauper's oath.

His complaint contained, among other allegations, the charge that the defendant, James F. Maroney, Superintendent of the Institution in which he was incarcerated, under color of his authority, caused prison guards to strike him numerous times upon the head and body to his grievous bodily harm. He also alleged that the said James F. Maroney, under color of his authority, unlawfully defamed him by identifying him in a published newspaper article as having committed the offenses of "holding hostages and prison breach" before he had been charged with or convicted of said crimes. The complaint was based on alleged jurisdictional grounds of violation of the Eighth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §§ 1983 and 1985, and 28 U.S.C. §§ 1331(a) and 1334.

The complaint was not served on the defendant. The District Court, upon its receipt, summarily entered a Memorandum Order directing that the complaint be filed in forma pauperis and that it be "denied".

In its Memorandum, the District Court viewed the complaint as directed against the treatment and discipline of prisoners in state penitentiaries over which the federal courts have no function and jurisdiction. This appeal followed.

There was no party defendant of record in the District Court and hence no appellee before this court. In Urbano v. Calissi, 353 F.2d 196, 197 (3 Cir. 1965), this court said:

"In a case of this kind it is desirable that the action be permitted to proceed in the customary manner. Plaintiff was entitled to an opportunity to be

heard on the legal questions involved in the court's conclusion that the complaint should be dismissed. See Harmon v. Superior Court, 307 F.2d 796 (9 Cir. 1962). The defendants have appropriate means under the Rules of Civil Procedure to move for the dismissal of the action or for summary judgment. At that time both sides will have full opportunity to present their contentions and whatever conclusion the District Judge may arrive at on the merits (See Sheridan v. Williams, 333 F.2d 581 (9 Cir. 1964)) will have the benefit of the views of the contending parties on the merits and on the jurisdictional question."

The circumstances of this case parallel those in Urbano and command the same treatment. It is not now intended, of course, to indicate what decision the District Court should render after an opportunity for hearing has been afforded to the parties.

The order of the District Court of July 29, 1966 will be vacated and the case will proceed in due course beginning with service of the complaint upon the defendant.