Allan H. LAWSON, Appellant,

v.

Arthur T. PRASSE, Commissioner of
Correction, et al.

No. 17665.

United States Court of Appeals
Third Circuit.

Argued May 20, 1969.

Decided June 23, 1969.

Irene H. Cotton, Community Legal
Services, Philadelphia, Pa., for appellant.

Stanley A. Winikoff, Deputy Atty.
Gen., Harrisburg, Pa., for appellee (William C. Sennett, Atty. Gen., Harrisburg,
Pa., on the brief).

Before FREEDMAN, SEITZ and ALDISERT, Circuit Judges.

OPINION OF THE COURT

FREEDMAN, Circuit Judge.

This is an action brought by a prisoner under the Civil Rights Act, 42 U.S.C.
§ 1981 et seq., claiming that he is being
unconstitutionally discriminated against
in his efforts to acquire certain books
and publications for study. Plaintiff accompanied his complaint with a petition
for leave to proceed in forma pauperis.

The District Court did not find the
affidavit of poverty inadequate, but believing the cause of action to be "without merit whatsoever" entered an order
denying the petition for leave to proceed
in forma pauperis. See 28 U.S.C. §
1915(d), which provides: "The court
* * * may dismiss the case * * *
if satisfied that the action is frivolous.
* * * " We later granted petitioner
leave to prosecute his appeal in this
Court in forma pauperis.

Ordinarily, as we held in Lockhart v. D'Urso, 408 F.2d 354 (3 Cir.
1969), where an affidavit of poverty is
filed the plaintiff should be accorded the
preliminary right to proceed in forma
pauperis. We there said: "While there
may be extreme circumstances where
such a right should be denied for plain

lack of merit, we think that, particularly in pro se cases, the right to proceed in forma pauperis should generally be granted where the required affidavit of poverty is filed. This approach minimizes, to some extent, disparity in treatment based on economic circumstances. An attack on the truth of such affidavit or the sufficiency of the complaint should be left for appropriate disposition after service has been made on the defendants." We have also pointed out in a number of cases that it is desirable that actions such as this be permitted to proceed in the customary manner and that a plaintiff should have an opportunity to be heard on the legal questions involved in the determination whether his complaint should be dismissed. We said in Urbano v. Calissi, 353 F.2d 196, 197 (3 Cir. 1965): "The defendants have appropriate means under the Rules of Civil Procedure to move for the dismissal of the action or for summary judgment. At that time both sides will have full opportunity to present their contentions and whatever conclusion the District Judge may arrive at on the merits (See Sheridan v. Williams, 333 F.2d 581 (9 Cir. 1964) will have the benefit of the views of the contending parties on the merits and on the jurisdictional question." [1]

█ The present pro se complaint is characteristically diffuse. It alleges that a prison rule which permits prisoners to purchase books only when the books are needed in connection with a course of study then being pursued has been discriminatorily applied to plaintiff and that this rule is unreasonable. It also claims the rules regulating prisoners' rights to acquire books are not uniform throughout the prison system and that the lack of uniformity is racially motivated and that more restrictive rules are applied in the prisons with a high percentage of black prisoners. We cannot say that such claims are on their face so utterly without legal merit that the complaint should be condemned as frivolous under 28 U.S.C. § 1915 without affording plaintiff an opportunity to be heard on a motion to dismiss and if need be to amplify his allegations by an amended complaint.

We shall therefore reverse the order of the District Court and remand the case for the entry of an order granting plaintiff leave to prosecute his action in forma pauperis, but without prejudice to the right of the defendants, after due service or appearance, to attack either the truthfulness of the allegations of his affidavit or the sufficiency of his complaint.

---

1. See similarly Jordan v. County of Montgomery et al., 404 F.2d 747 (3 Cir. 1969); Mayberry v. Maroney, 394 F.2d 181 (3 Cir. 1968).