**William Robert DAVIS, Appellant,**

v.

**Joseph R. BRIERLEY, Superintendent, State Correctional Institution at Philadelphia, Pa.**

and

**Paul D. Boone, Senior Records Officer, State Correctional Institution at Philadelphia, Pa.**

and

**F. T. Bray, Records Officer, State Correctional Institution at Philadelphia, Pa., et al.**

**No. 17675.**

United States Court of Appeals Third Circuit.

Submitted on Briefs June 5, 1969.

Decided June 24, 1969.

784

Willie Robert Davis, pro se.

Stanley Asher Winikoff, Deputy Atty. Gen., Harrisburg, Pa., for appellees.

Before KALODNER, VAN DUSEN and STAHL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an action under the Civil Rights Act against several officers of the State Correctional Institution at Philadelphia for allegedly depriving appellant of his state trial transcript for a period of several months. Appellant contends he needed the transcript in order to file a Pennsylvania Post-Conviction Hearing Act petition challenging his guilty plea. At the time he filed the post-conviction petition, subsequently denied, appellant claims he did not have the trial transcript. The transcript was made available to appellant prior to the evidentiary hearing on the petition and prior to his appeals to the State Superior Court and to the State Supreme Court from the denial of post-conviction relief.[1]

The district court refused to permit appellant to proceed in the civil rights action in forma pauperis on the ground that it was frivolous but granted him the right to appeal to this court in forma pauperis.

We have reviewed the state court record in this case, Commonwealth v. Davis, 213 Pa.Super. 746, 246 A.2d 894 (1968), *allocatur refused* March 7, 1969, including the opinion of the state court judge denying appellant's post-conviction petition which dealt fully with the contentions relating to the validity of the guilty plea. We agree with the court below that the civil rights action for damages for delay in furnishing appellant his state trial transcript is frivolous. It was proper, therefore, to deny him the right to proceed in forma pauperis.[2]

The order of the district court will be affirmed.

1. The state court record indicates the evidentiary hearing on the post-conviction petition was held on June 7, 1968, which was *after* the notes of testimony had been furnished to appellant. In the opinion disposing of the post-conviction petition, the state court judge quotes from the state trial transcript which he apparently had before him.

2. This case is to be distinguished from such cases as Lockhart v. D'Urso, 408 F.2d 354 (3d Cir. 1969), and Lawson v. Prasse, 411 F.2d 1203 (3d Cir. 1969), because here we *can* say from an examination of the state court record that the claim is on its "face so utterly without legal merit that the complaint should be condemned as frivolous * * *." 411 F.2d at 1204.