**Robert Allen RAY, Founder of and, the Infallible Black Intellectual Front, Plaintiffs,**

v.

**Joseph R. BRIERLEY, Warden, State Correctional Institution, Pittsburgh, Pennsylvania, Defendant.**

Civ. A. No. 70–931.

United States District Court, W. D. Pennsylvania.

Aug. 6, 1970.

Robert Allen Ray, pro se.

## MEMORANDUM OPINION

GOURLEY, Senior District Judge.

This is a Civil Rights Complaint invoking Title 42 U.S.C. §§ 1981 and 1983, wherein plaintiffs are an individual inmate of the State Correctional Institution at Pittsburgh and an association of black inmates of said institution entitled "The Infallible Black Intellectual Front" and founded by the individual plaintiff. Defendant is the Warden of said penal institution. The Complaint seeks five million dollars in damages and an injunction against defendant and all others responsible for the administration of said penal institution. The instant proceeding is the twenty-seventh filed by the individual plaintiff in this Court.

In support of the relief requested, plaintiffs make the following allegations: that the black penal inmates receive no training in black culture, arts and crafts, and black society; that subscriptions to the publications of and group visits by various black organizations are forbidden by the defendant; that the prison administrators prepare menus solely for the preservation of the health of white inmates and fail to provide different types of food which are peculiarly necessary to the health of black inmates; that the medicines and cosmetics provided by the prison administrators are those used by white persons and are harmful to black persons; that black persons are naturally acclimated to hot weather and should be, but are not, afforded more clothing in cold weather than white persons; that the job training programs which are most meaningful for black persons are not filled with an adequate quota of black inmates, which is asserted to be fifty percent of the total number of participants; that the prison library lacks literature concerning black culture; that the prison administrators have failed to permit an adequate number of black teachers to teach in the prison; that the prison administrators have prohibited the purchase by plaintiffs of literature from "black authori-

ties"; that the teaching of black languages is precluded in the prison; that black social groups are precluded from entering the institution to provide plaintiffs with knowledge of the advancement of black society; and that the black prison population is held in involuntary servitude to preserve white culture and society.

In each and every instance, the various allegations asserted are conclusory in nature and are unsupported by any specific facts lending credence to the allegations contained. In essence, plaintiffs assert a constitutional right to establish their own distinct society within the prison, with special rules and regulations tailored to black persons as a class. The Constitution of the United States does not afford such a right.

Prison officials have wide discretion in matters of prison operation and discipline, and these matters are not under the supervisory direction of federal courts. Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967); Ford v. Board of Managers of New Jersey State Prison, 407 F.2d 937 (3d Cir. 1969). Plaintiffs ask no less than that this Court undertake supervisory direction of the entire field of prison operation and discipline. This the Court will not do.

Where it can be said that a claim, on its face, is so utterly without legal merit that it should be condemned as frivolous, it properly may be dismissed. Davis v. Brierley, 412 F.2d 783 (3d Cir. 1969). The allegations of the Complaint are highly conclusory and wholly lacking in specific facts supportive of the allegations. An appropriate Order is entered.

### ORDER

Now, this 6 day of August 1970, the Clerk of Court is directed to file the instant Complaint in forma pauperis and the same is hereby dismissed. Leave to appeal in forma pauperis is also denied.