**UNITED STATES of America ex rel. Walter A. KOPYSTECKI**

v.

**William H. LAMB, P. Richard Klein.**

**Civ. A. No. 70-1298.**

United States District Court,
E. D. Pennsylvania.

Sept. 22, 1970.

Walter A. Kopystecki, pro se.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the court is a motion for leave to proceed in *forma pauperis* in a civil rights action pursuant to 42 U.S.C. §§ 1983, 1985. Plaintiff in his *pro se* complaint alleges while he was laboring under a hearing handicap, the two named defendants conspired to trick him into pleading guilty.

While the court is mindful that in a *pro se* action such as this, leave to proceed in *forma pauperis* should generally be granted, Lawson v. Prasse, 411 F.2d 1203 (3d Cir. 1969), the court has concluded that plaintiff's proposed complaint is plainly lacking in merit and as such, leave to proceed must be denied.

In order for this court to determine whether plaintiff's claim has any basis upon which relief can be granted, it would be necessary to order the state court record and pass upon the validity of plaintiff's guilty plea. This procedure is one which is properly the subject of a petition for writ of habeas corpus, rather than a claim under the civil rights act. The court should not be required to pass upon the validity of plaintiff's guilty plea in a civil rights action prior to his seeking and establishing that fact by way of a petition for writ of habeas corpus. Plaintiff has filed such a petition but it was denied without prejudice because of plaintiff's failure to exhaust his state remedies. "The civil rights statutes are not a substitute for habeas corpus relief, and cannot be used to circumvent the requirement of exhaustion of state remedies." Gaito v. Ellenbogen, 425 F.2d 845 (3d Cir. 1970).

Accordingly plaintiff's motion for leave to proceed in *forma pauperis* is denied.

## ORDER

And now, this 22nd day of September, 1970, it is hereby ordered that plaintiff's motion for leave to proceed in *forma pauperis* is denied.