**Richard O. J. MAYBERRY and Larry R. Miller, Appellants,**

v.

**Arthur T. PRASSE, Commissioner of Bureau of Corrections of Pennsylvania, Post Office Box 200, Camp Hill, Pennsylvania; and Joseph R. Brierley, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 18040.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs Oct. 4, 1971.

Decided Oct. 26, 1971.

Richard O. J. Mayberry and Larry R. Miller, pro se.

Carol Mary Los, Robert L. Campbell, Asst. Dist. Attys., Pittsburgh, Pa. (John M. Duff, Deputy Atty. Gen., Richard L. Kelly, Asst. Atty. Gen., J. Shane Creamer, Atty. Gen., Harrisburg, Pa., on the brief), for appellees.

Before McLAUGHLIN, GANEY and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellants are being detained in the State Correctional Institution at Pittsburgh, Pennsylvania. They joined together in filing their *pro se* complaint seeking damages and injunctive relief against the Superintendent of the Institution and the Commissioner of the Bureau of Corrections, whose official residence is in Harrisburg. Jurisdiction is claimed under the Civil Rights Acts (28 U.S.C. § 1343(1); 42 U.S.C. § 1985) and the Federal Question Section of the Code, 28 U.S.C. § 1331(a). The district court, in denying all relief and directing the clerk of court to file the complaint without prepayment of fees, stated in a memorandum order: "The matter must be disposed of without any consideration of the merits. The law is settled in this Circuit that class actions under Civil Rights Statutes are improper, and the same is true as to claims for injunctive

relief." In the same order the district court stayed the issuance of summons on the named defendants, and therefore none of them has been served with the complaint. However the Attorney General for the Commonwealth of Pennsylvania has filed a brief on behalf of the named defendants as appellees.

This Court, in the case of Urbano v. Calissi, 353 F.2d 196, 197 (1965), where a prison inmate sought to file his *pro se* complaint allegedly under the Civil Rights Act, and the complaint was dismissed for lack of jurisdiction before the named defendants were served with a copy of the complaint, advised:

"* * * In a case of this kind it is desirable that the action be permitted to proceed in the customary manner. Plaintiff was entitled to an opportunity to be heard on the legal question involved * * *. The defendants have appropriate means under the Rules of Civil Procedure to move for the dismissal of the action or for summary judgment. At that time both sides will have full opportunity to present their contentions and whatever conclusions the District Judge may arrive at on the merits (See Sheridan v. Williams, 333 F.2d 581 (9 Cir.1964)) will have the benefit of the views of the contending parties on the merits and on the jurisdictional question."[1]

Also see Lawson v. Prasse, 411 F.2d 1203 (C.A. 3, 1969); Mayberry v. Maroney, 394 F.2d 181 (C.A. 3, 1968); Bauers v. Heisel, 361 F.2d 581, 584, n. 3 (C.A. 3, 1966).

We think the district court should have followed here the advice given in the *Urbano* case. And as this Court stated in that case: "We do not, of course, intend at this time to indicate what the decision below should be after an opportunity for appropriate hearing has been afforded to the parties."

The judgment of dismissal and the order staying the issuance of summons will be vacated and the matter remanded for further proceedings.

---

1. On remand, after the parties were afforded a full opportunity to present their views, the district court again dismissed the complaint on the ground that it did not set forth a claim for relief under the Civil Rights Act. The judgment was later affirmed. Urbano v. Calissi, 384 F.2d 909 (C.A.3, 1967).