**Paul B. OWENS, Appellant,**

v.

**Joseph R. BRIERLEY et al., Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

No. 17634.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Oct. 22, 1971.

Decided Nov. 17, 1971.

---

Paul B. Owens, pro se.

J. Shane Creamer, Atty. Gen., Pittsburgh, Pa. (Richard L. Kelly, Asst. Atty. Gen., Harrisburg, Pa., on the brief), for appellees.

Before ALDISERT, GIBBONS and ROSENN, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

Appellant Owens, a prisoner in the State Correctional Institution, Pittsburgh, Pennsylvania, filed a complaint in the district court, alleging jurisdiction under 42 U.S.C. § 1983 (1971) and seeking injunctive relief against the Superintendent of the Institution. The complaint alleges that although one-half of the prison population is Negro, only two Negro magazines are allowed in the prison, while 123 magazines catering to the taste of white inmates are allowed. It alleges that when he requested leave to subscribe to the national magazine SEPIA the request was denied because the magazine is not on the official list of approved magazines issued by the prison officials. It charges that the make-up of the official list of magazines is the result of racial discrimination and violates the first amendment. The complaint was duly verified on October 15, 1968. On October 25, 1968, acting *sua sponte* the district court entered the following order:

"This matter comes before the Court through the United States mail and is a complaint for equitable relief in the form of a writ of injunction. The Court has reviewed the within complaint and must conclude that there is no basis set forth in the form or substance of the petition to grant relief as sought by the relator. The

mere fact that a specific magazine is not on the approved reading list is not in itself any basis to conclude that the mandates of the prison administrative authorities are capricious, arbitrary or unreasonable.

NOW, THEREFORE, this 25th day of October, 1968, the Clerk of Court is directed to file the within petition in forma pauperis and it is denied."

On November 6, 1968, the district court entered an order granting leave to proceed in forma pauperis. *Cf.* 28 U.S.C. § 1915(a) (1971). Owens then filed a timely notice of appeal. His pro se brief was received by the clerk of this court on December 30, 1968.

In September of 1971, after repeated efforts by the clerk of this court to obtain a brief on behalf of the appellee, we received from the Attorney General of Pennsylvania a brief the quality of which can best be illustrated by a quotation:

> "The complaint that a particular negro publication was not placed on an approved magazine list is petty and insignificant. Such fabricated 'constitutional' or 'civil rights' question demonstrates to what lengths certain prisoners will go in mocking the administration of state prisons and the federal judiciary. The complaint herein bleats racial discrimination in a situation not deserving of serious consideration." (appellee's brief p. 4)

This court does not feel mocked when it is resorted to for the redress of possible violations of first and fourteenth amendment rights, even those of prisoners. Indeed appellant's pro se papers, both in the district court and here, though not drawn with legal skill, are both temperate and respectful in tone. We wish we could say the same for the appellee's tardy and conclusory brief.

Attached to the appellee's brief is an affidavit by Joseph Brierley, the present superintendent at the Institution, verified on August 24, 1971, which sets forth that since March 1, 1971, the publication SEPIA has been on the approved list for subscription by inmates. The appellee suggests mootness. The suggestion, however, misconstrues the complaint, which seeks redress not merely with respect to that single publication but from an allegedly arbitrary, capricious and discriminatory method of selecting approved reading materials. Mr. Brierley's affidavit does not address itself to the method of selection, and does not enlighten as to why SEPIA was unacceptable in October 1968 but acceptable in March 1971.

■■ The complaint could have been dismissed prior to answer only if it failed to state a claim within the jurisdiction of the court or failed to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b). The complaint here is sufficient in both respects. Indeed it is patterned upon the decision of the Fourth Circuit in Rivers v. Royster, 360 F.2d 592 (4th Cir. 1966), to which it made specific reference. That case involved an appeal from a dismissal of a similar complaint after answer but without a hearing. The court wrote:

> "The prison superintendent may not resort to acts of racial discrimination in the administration of the prison. The State has filed an answer denying the allegations of the complaint. If the alleged act never took place or the periodical was denied the petitioner on grounds other than race, then the court may consider refusing to interfere with matters of proper prison discipline." 360 F.2d at 594.

In the instant case we do not even know the Superintendent's position as to the reason for excluding SEPIA until March of 1971, and we do not know what is the basis of selection for the approved list. Prison officials do not have carte blanche to disregard first and fourteenth amendment rights, even in the name of prison discipline. Jackson v. Godwin, 400 F.2d 529 (5th Cir. 1968); Pierce v. LaVallee, 293 F.2d 233 (2d Cir. 1961).

■ The district court properly permitted filing in forma pauperis, but

should not have dismissed without the benefit of a responsive pleading. The order dismissing the complaint will be reversed and the cause will be remanded for further proceedings in compliance with the Federal Rules of Civil Procedure. Such further proceedings may appropriately consider the possible application of Fed.R.Civ.P. 23. *See* Mayberry v. Prasse, 449 F.2d 1266 (3d Cir., 1971); Jackson v. Godwin, *supra,* 400 F.2d at 543.