919 F.2d 139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jackie Donnell HOLLINGSWORTH, Plaintiff-Appellant,
v.
Donna WAGONER, Counselor, Defendant-Appellee.
 No. 90-6783.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1990.
Decided Nov. 30, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. John D. Larkins, Jr., Senior District Judge. (CA-88-919-CRT-L)
 Jackie Donnell Hollingsworth, appellant pro se.
 Richard Bruce Conely, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jackie Donnell Hollingsworth appeals from the district court's order denying him relief on his action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Hollingsworth is a federal prisoner incarcerated at the Federal Correctional Institute at Butner, North Carolina. His correctional counselor is Donna Wagoner. He alleges that she discriminated against him in several ways because he is black.
 
 
 2
 Our review of the record and the district court's opinion discloses that this appeal is without merit with respect to his claims of verbal harassment, denial of administrative remedies and denial of access to the courts. Accordingly, we affirm on the reasoning of the district court on those allegations. Hollingsworth v. Wagoner, CA-88-919-CRT-L (E.D.N.C. Jan. 24, 1990). However, we vacate the district court's judgment with regard to Hollingsworth's allegations that Wagoner discriminated against him in job assignments and transfers, and that Wagoner denied him pay for his work and did not pay him the same as white inmates, and remand for further proceedings.
 
 
 3
 Racial discrimination in prisoner job assignments states a violation of the equal protection clause of the fourteenth amendment and of the due process clause of the fifth amendment. See Davis v. Passman, 442 U.S. 228 (1979); Henry v. Van Cleve, 469 F.2d 687 (5th Cir.1972); Rivers v. Royster, 360 F.2d 592 (4th Cir.1966) (prison superintendent may not resort to acts of racial discrimination in the administration of the prison). A prisoner seeking to establish a violation of the equal protection clause must prove that discriminatory purpose is a motivating factor in the decision made by the prison official, then the prison official must prove that the same decision would have resulted even had the impermissible purpose not been considered. Knop v. Johnson, 667 F.Supp. 467 (W.D.Mich.1987), appeal dismissed, 841 F.2d 1126 (6th Cir.1988). See Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 270-71 n. 21 (1977).
 
 
 4
 Hollingsworth alleged in his verified complaint that Wagoner discriminated against him because he is black by, among other things, firing him from his job for no reason, and moving him from his job after working only one day. He alleged that she enjoys having black inmates moved to work in the kitchen. In his verified traverse, his allegations are more specific and he attaches supporting documents. It is uncontested that when he arrived at Butner, Wagoner placed him to work as an orderly and fired him about two weeks later without reason. It is also uncontested that at least as of October 1989, he was medically designated as being unfit to work in the kitchen area because his medical chart reflected a positive reaction for tuberculosis.[1] Wagoner stated in her affidavit that she transferred Hollingsworth on July 2, 1988, from clothing to food services because of institutional need. She submitted a letter to her superior in which she stated that the transfer was because of Hollingsworth's poor work performance and at the request of the clothing issue foreman.
 
 
 5
 Hollingsworth's documents show that he requested a transfer to clothing issue from food services on July 7, 1988, which was denied by Wagoner because the position had been filled. On August 24, 1988, he again asked for a transfer from food services to clothing and was told by Wagoner that he would have to get permission from food services first. On September 22, 1988, he asked for permission to transfer from food services, which was granted, and Wagoner assigned him to grounds maintenance. While Wagoner was on vacation, a different official placed Hollingsworth in clothing issue. When Wagoner returned, she immediately transferred him back to grounds maintenance. She does not explain why she did this in her affidavit. In a letter to her supervisor, she said that she had assigned him to grounds "at his request" and that "he was again removed from clothing issue because he no longer wanted the work assignment." However, Hollingsworth's showing of the many requests he made to be assigned to clothing and the failure of the documents to show that he ever requested to be assigned to grounds maintenance call these reasons into question.
 
 
 6
 The undisputed facts thus show that Hollingsworth was transferred for no apparent reason from his orderly position by Wagoner after working at it for about two weeks. They also show that he was assigned to work in food services even though he was medically unfit to work there. Hollingsworth was likely transferred once because of poor work performance. Even though he had made numerous requests to go back to work at clothing issue, when he was released from food services, Wagoner assigned him to grounds maintenance. When Wagoner was on vacation and he was placed in clothing issue, Wagoner moved him back to grounds maintenance when she returned, for reasons which are not clear.
 
 
 7
 "Determining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." Arlington Heights, 429 U.S. at 266. Among the factors that a court may look to are the specific sequence of events leading up to the challenged decision, specifically any departures from the normal procedural sequence or substantive departures. Id. at 267.
 
 
 8
 There is nothing on the face of these transfers to indicate that race was a motivating factor in Wagoner's decisions. However, there is a showing of a possible violation of prison policies by Wagoner in placing Hollingsworth to work in food services. Also, there is a showing of arbitrary action by her in removing him from his job assignment as an orderly and in not placing him in clothing instead of grounds maintenance on September 22, 1988. Wagoner's action of moving him back to grounds maintenance after her supervisor had moved him into clothing issue also seems to be arbitrary on this record. These actions, which deviate from prison policies and suggest arbitrary action, combined with Hollingsworth's allegations of racially discriminatory remarks by Wagoner, could allow a factfinder to infer that the job assignments and changes were at least partially motivated by a racially discriminatory purpose. See Arlington Heights, 429 U.S. 252. Therefore, summary judgment on the claim of racial discrimination based on the job assignments and changes was not appropriate.[2] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 9
 Additionally, Hollingsworth complains that Wagoner has failed to pay him for work and that she pays him at a lower rate than white inmates. Wagoner stated in her affidavit that she has paid him for all services which entitle him to compensation, but does not support this statement with any documents. She does not address the rate disparity allegation. Therefore, on remand, these two allegations should also be addressed more fully.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 A document submitted by Hollingsworth suggests that he was designated as medically unfit for duty in food services based on a physical exam given to him upon his entrance to Butner. Hollingsworth was admitted to Butner on May 23, 1988
 
 
 [2]
 Of course, Wagoner can prevail if she can establish that these decisions would have been made even had the impermissible purpose not been considered