28 F.3d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harry Lee BATTLE, Plaintiff-Appellant,
v.
Ms. DAVIS; Ms. Burlenston; Ms. Gatewood; Ms. Selles;
C.M. Clark; Mr. Coats, Defendants-Appellees.
 No. 93-7328.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 29, 1994.
Decided: June 9, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte, Robert D. Potter, District Judge. (CA-93-382)
 Harry Lee Battle, pro se.
 W.D.N.C.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Harry Lee Battle, a North Carolina prisoner, appeals from the district court's dismissal of his 42 U.S.C. Sec. 1983 (1988) action claiming that prison officials were deliberately indifferent to his medical needs and discriminated against him because of his race. The district court dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d) (1988).
 
 
 2
 Pursuant to Sec. 1915(d), a court may dismiss a non-feepaying litigant's claims without prejudice if the litigant's factual contentions are clearly baseless or the claim is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Determinations of frivolity are reviewed under the abuse of discretion standard. Denton v. Hernandez, 60 U.S.L.W. 4346 (U.S.1992).
 
 
 3
 The district court did not abuse its discretion in dismissing Battle's medical claims. Accordingly, we affirm the dismissal on the reasoning of the district court. Battle v. Davis, No. CA-93-382 (W.D.N.C. Nov. 23, 1993).
 
 
 4
 Battle's allegations of racial discrimination are problematic. Throughout his complaint, he alleged that the medical department was racist. These allegations were, as the district court noted, conclusory.
 
 
 5
 Battle did make, however, specific allegations of discriminatory treatment. He alleged that (1) white inmates were assigned bottom bunks upon request and received immediate medical treatment, but his similar requests and needs were rebuffed or ignored; (2) Programming Director Clark, who controlled the internal grievance process, stated that if she could, she would make every black man with a life sentence serve every day of it; (3) Clark conspired to cover up discriminatory treatment with respect to medical concerns; (4) Ninety percent of the medical grievances filed were brought by African American inmates; and (5) Corrections Officer Coats made racist remarks threatening retaliation against Battle for filing complaints against the nursing staff.
 
 
 6
 Racial discrimination claims are actionable. See Henry v. Van Cleve, 469 F.2d 687 (5th Cir.1972) (prisoners have constitutional right to be free from racial discrimination); Rivers v. Royster, 360 F.2d 592 (4th Cir.1966) (claim stated where right granted to whites and denied to blacks). Thus Battle's discrimination claims are not based on indisputably meritless legal theories. Further, he has stated these claims with sufficient specificity to avoid dismissal at this stage of the proceeding.
 
 
 7
 Accordingly, we affirm the district court's dismissal of Battle's medical claims but vacate the dismissal of the racial discrimination claims and remand them for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART; VACATED AND REMANDED IN PART