Willie James **HENRY**, Plaintiff-Appellant,

v.

**D. M. VAN CLEVE**, Warden and **J. W. Ross**, Captain of the Guards, Defendant-Appellee.

No. 72-2783

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1972.

Willie James Henry, pro se.

William J. Baxley, Atty. Gen., L. B. Sullivan, Commissioner, Alabama Board of Corrections, Montgomery, Ala., for defendant-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

█ █ Appellant, an inmate of an Alabama state prison, brought suit under 42 U.S.C. § 1983, claiming that the defendants, the warden and captain of the prison guards, denied him visiting privileges only because he is a Negro. He alleged that he was denied the privilege of visits from his family while white inmates in the same circumstances were allowed visitations. The District Court dismissed the suit without calling for a response, on the ground that it should not interfere in the internal management of prisons except in exceptional cases where prison officials have abused the wide discretion allowed them. See Conklin v. Wainwright, 424 F.2d 516 (5th Cir. 1970); Diehl v. Wainwright, 419 F.2d 1309 (5th Cir. 1970); Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969). We have, however, consistently recognized that an infringement upon the constitutional right of inmates to be free from racial discrimination requires the scrutiny of federal courts. Jackson v. Godwin, 400 F.2d 529 (5th Cir. 1968); Burroughs v. Wainwright, 464 F.2d 1027 [5th Cir., 1972]. Beard v. Lee, 396 F.2d 749 (5th Cir. 1968). That principle requires that we vacate the judgment below and remand to allow, the District

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Court to call for a response from the state and, if necessary, hold an evidentiary hearing to determine the validity of appellant's assertions.

Vacated and remanded.