**John-Tyrone MARTIN,
Plaintiff-Appellant,**

v.

**Louie L. WAINWRIGHT, Director,
Division of Corrections,
Defendant-Appellee.**

**No. 75–3661
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1976.

John-Tyrone Martin, pro se.

Robert L. Shevin, Atty. Gen., Miami, Fla., Donna H. Stinson, Asst. Atty. Gen., Civil Div., Tallahassee, Fla., Mary Jo M. Gallay, Tampa, Fla., for defendant-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

John-Tyrone Martin, a prisoner in the Florida prison system, filed a complaint under 42 U.S.C. § 1983 seeking injunc-

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

tive, declaratory, and monetary relief from various prison officials. Martin alleged that the defendants "willfully knowingly and intentionally forbid plaintiff to have visits from [one] Ms. Oglesby because plaintiff is a different race from Ms. Oglesby."[1] The district court dismissed the complaint without a hearing, on the grounds that: (1) "[t]he internal operation of a prison is a state function and will be interfered with only in exceptional circumstances"; (2) "there is no federal constitutional or statutory right to visitation privileges"; and (3) "the allegations that the plaintiff was denied certain visits because of race is merely a conclusory allegation and is insufficient to state a claim under the Civil Rights Act". Martin appealed this dismissal. We reverse and remand for further proceedings.

The complaint stated that the defendants denied visitation privileges to Oglesby because she was not of the same race as Martin. The complaint alleges that the decision to deny Oglesby visitation privileges was made without interviewing her and without the defendants' knowing anything about her (presumably, other than her race). A prisoner's pro se complaint is not to be dismissed unless it is certain that the plaintiff would be denied relief under any set of facts he could prove to support his claim. *Haines v. Kerner,* 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652; *Farries v. United States Board of Parole,* 7 Cir. 1973, 484 F.2d 948, 949.[2] The complain-

ant's allegations here are bare, but not so insufficient as to require dismissal of the complaint.

Although the district court was correct in expressing reluctance to interfere with internal prison administration, the cases are legion in which the federal courts have, after an evidentiary hearing, enjoined unconstitutional prison practices. See, e. g., *Procunier v. Martinez,* 1974, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224, in which the Supreme Court held that prison mail could not be censored to eliminate remarks derogatory to the prison system. See also *Cooper v. Pate,* 1964, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030.

For the purposes of the instant case, however, we need examine only those cases in which race has been held to be an unconstitutional factor upon which to base certain actions of prison officials.[3] Racial segregation of prisoners has been condemned by federal courts. See *Holt v. Sarver,* E.D.Ark. 1970, 309 F.Supp. 362, 381, aff'd, 5 Cir. 1971, 442 F.2d 304; *Washington v. Lee,* M.D.Ala.1966, 263 F.Supp. 327, 331, aff'd, 1968, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (three-judge court). The refusal, based solely on race, to allow black prisoners to subscribe to non-subversive black magazines clearly violates the Fourteenth Amendment. See *Jackson v. Godwin,* 5 Cir. 1968, 400 F.2d 529; *Rivers v. Royster,* 4 Cir. 1966, 360 F.2d 592. Restrictions upon inmate correspondence may not be imposed in dis-

---

1. Martin also alleged that the defendants had denied visitation privileges to one Ms. Stewart. The complaint does not specifically allege what fact about this denial makes it unconstitutional, i. e., whether Martin and Stewart were also of different races, whether the denial was based solely on Martin's race, and so forth. Because we remand this case on the allegation mentioned in text, justice will best be served by allowing the plaintiff to amend his complaint and plead with more specificity.

2. The case cited by the district court as authority for the proposition that "conclusory" allegations are insufficient under the Civil Rights Act, *Lamar v. 118th Judicial District Court,* 5 Cir. 1971, 440 F.2d 383, has little precedential value to us, because it did not explicitly examine the actual language of the complaint. Moreover, *Lamar* predated *Haines* and cannot, therefore, be considered controlling.

3. We do not decide whether there is any constitutional right to visitation, but base our decision solely on the racial aspect of the alleged denial. Note, however, *McCray v. Sullivan,* 5 Cir. 1975, 509 F.2d 1332, 1334, which holds that prison officials' failure to permit conjugal visits did not deny inmates any constitutional right.

crimination against a prisoner's race. See *Lee v. Tahash,* 8 Cir. 1965, 352 F.2d 970, 972 (dictum).

*Henry v. Van Cleve,* 5 Cir. 1972, 469 F.2d 687 is directly in point. There we overturned the dismissal of a § 1983 complaint alleging that visitation privileges had been denied a prisoner solely because of his race. The refusal to permit visitation privileges because the visitor and the visitee are of different races constitutes racial discrimination within the meaning of *Henry v. Van Cleve.* See *Loving v. Virginia,* 1967, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010.

Reversed and remanded for further proceedings.