Carl BENTLEY, Petitioner-Appellant,

v.

James BECK, Sheriff, and Leroy Glenn, Respondents-Appellees.

No. 80–7184

Summary Calendar.*

United States Court of Appeals, Fifth Circuit, Unit B

Aug. 28, 1980.

Carl Bentley pro se.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Stan Jackson, Augusta, Ga., for respondents-appellees.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Plaintiff, a prisoner in Richmond County Jail in Augusta, Georgia, filed this 42 U.S.C.A. § 1983 action for injunctive and declaratory relief against the sheriff and kitchen orderly deputy of the jail. He alleged that several times he asked the deputy to permit him to work as an orderly in the jail kitchen and was twice told by the deputy that he would be appointed as soon as there was an opening for a "white boy." Plaintiff alleges that several blacks have subsequently been put in the kitchen positions. It was also alleged that the deputy said that he did not like whites to work in the kitchen and as long as he was deputy he would only permit blacks to work there.

The district court dismissed the case without requiring a response. The court held that there is no constitutional right to be assigned any particular job in a prison, citing *Bryan v. Werner*, 516 F.2d 233 (3d Cir. 1975), and *Gardner v. Johnson*, 429 F.Supp. 432, 434 (E.D. Mich. 1977). Appellee's brief makes the same argument.

Both the court's order and appellee miss the point. As plaintiff states in his *pro se* brief, he is not claiming to have a constitutional right to a particular job. His claim is that his application for the position of kitchen orderly should not be denied solely because of his race, clearly unconstitutional conduct. While we have stated that prison officials must have broad discretion in classifying prisoners in terms of their custodial status, *McGruder v. Phelps*, 608 F.2d 1023, 1026 (5th Cir. 1979), this does not permit prison officials to engage in the type of overt racial discrimination alleged here. Inmates have the constitutional right to be

free from racial discrimination. *Martin v. Wainwright*, 525 F.2d 983 (5th Cir. 1976); *Henry v. Van Cleve*, 469 F.2d 687 (5th Cir. 1972).

The judgment of the district court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.