791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
M. C. GRIFFIN, Plaintiff-Appellant,
v.
SUZANNE KALLEN; JOANNE BACH; and PERRY M. JOHNSON,
Defendants-Appellees.
 84-1859
 United States Court of Appeals, Sixth Circuit.
 4/16/86
 
 AFFIRMED IN PART, VACATED IN PART AND REMANDED
 E.D.Mich.
 On Appeal from the United States District Court for the Eastern District of Michigan
 Before: ENGEL, CONTIE AND MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff M. C. Griffin appeals from a district court summary judgment in favor of defendants and dismissing plaintiff's civil rights action under 42 U.S.C. Sec. 1983 alleging constitutional violations on the part of Michigan prison authorities. On appeal, Griffin argues that the district court erred in granting summary judgment in favor of the defendants on his claim that the prison authorities deprived him of his constitutional rights in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.
 
 
 2
 M. C. Griffin has been incarcerated at the State Prison for Southern Michigan since September 10, 1982. Under Michigan Prison Regulations, inmates are classified in two categories: assault risk category and property risk category. An inmate's placement in each category affects his eligibility for participation in community programs, halfway house, furlough, resident home and work pass programs, and parole opportunities.
 
 
 3
 On September 23, 1982, a prison counsellor changed Griffin's property risk classification from low to high risk, and changed his assaultive risk classification from very low to medium risk. As a result of these changes, Griffin was informed that he would be ineligible for participation in the prison programs and that his opportunity for parole was diminished. However, on November 23, 1982, Griffin was informed that he was being restored to the original risk factors of very low assaultive and low property. Griffin was informed that the increases had been based on an erroneous assumption that a previous charge on his record was a felony. Griffin's original risk factors were therefore restored on December 27, 1982.
 
 
 4
 On July 27, 1984, Griffin filed a pro se complaint pursuant to 42 U.S.C. Sec. 1983 in the United States District Court for the Eastern District of Michigan, alleging that the changes in his risk classifications violated his due process and equal protection rights under the United States Constitution. Griffin sought compensatory, punitive and nominal damages in the amount of $7,000,000.00. On September 11, 1984, the named defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. Griffin replied to this motion in the form of a letter to the court on September 18, 1984. Thereafter, Judge Avern Cohn referred the matter to a magistrate, who issued a Report and Recommendation on October 31, 1984, recommending that summary judgment be granted in favor of the defendants on all claims. On November 27, 1984, Judge Cohn entered an Order accepting the magistrate's Report and Recommendation, and on December 3, 1984, Griffin timely filled his notice of appeal.[1]
 
 
 5
 Upon a careful review of the record before the district court and before us, we are satisfied that the district court properly ruled against Griffin on his several due process allegations. Prison officials generally have broad discretion in the internal management of prisons, Hewitt v. Helms, 459 U.S. 460 (1983), and classification of prisoners is generally within the discretion of prison officials. Pugliese v. Nelson, 617 F.2d 916 (2nd Cir. 1980). Beyond that, a prisoner has no constitutional entitlement to a particular classification or to any particular eligibility for rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), and a change in the conditions of confinement does not normally invoke due process considerations, even though it may have an adverse impact upon him, such as denial of access to rehabilitative programs. Hewitt v. Helms, 459 U.S. at 467; Meachum v. Fano, 427 U.S. 215 (1976). This is especially true, where, as in Michigan, state law has not created any liberty interest in those privileges, Edmond v. Department of Corrections, 116 Mich. App. 1, 13, 321 N.W.2d 817, (Mich. Ct. App. 1982), rev'd. on other grounds, sub. nom. Lutrell v. Department of Corrections, 421 Mich. 93, 365 N.W.2d 74 (1984). See also Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 12 (1979).
 
 
 6
 Griffin's claim, however, that he was denied equal protection in the classification system raises entirely different issues and different constitutional considerations from those which generally attach to allegations of due process violations. Construed in the light most favorable to petitioner, and particularly where his pleadings were pro se, Haines v. Kerner, 404 U.S. 519 (1972), Griffin asserts that he was deliberately misclassified because of his race (black) and because of racial prejudice against him, and cites in support thereof claim that certain other prisoners who were white were treated differently and accorded a trustee status, while he was continued under more restrictive conditions of confinement. Unfortunately, neither the district court nor the State of Michigan in its brief before us, has seen fit to address this issue at any length. Both have assumed for decisional purposes that the allegations of racial prejudice are true. Moreover, the district court and the State of Michigan appear to conclude that because petitioner has no liberty interest which is affected within the meaning of the Due Process Clause, he similarly has no actionable right under the Equal Protection Clause of the Fourteenth Amendment, or, having one, has failed to show that his deprivation was more than de minimus.
 
 
 7
 Absent a more complete development of the record in this respect, we are unable to conclude that there is no genuine issue of material fact on Griffin's claim under the Equal Protection Clause. At this point, we think it sufficient to note that inmates are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. See Lee v. Washington, 390 U.S. 333 (1968); Harris v. Greer, 750 F.2d 617 (7th Cir. 1984); Bentley v. Beck, 625 F.2d 70 (5th Cir. 1980). Moreover, allegations of racial discrimination under the Equal Protection Clause must be considered independently from an alleged deprivation of a property or liberty interest under the Due Process Clause. See Madyun v. Thompson, 657 F.2d 868, 873-74 (7th Cir. 1981); French v. Heyne, 547 F.2d 994, 997 (7th Cir. 1976).
 
 
 8
 In sum, we conclude that there is an insufficient record upon which to base a summary dismissal of Griffin's section 1983 claim alleging racial discrimination. Accordingly, the judgment of the district court insofar as it dismisses Griffin's claims of due process violations is AFFIRMED, but is vacated as to those claims pertaining to an alleged deprivation of equal protection under the Fourteenth Amendment, and the cause is remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 Pursuant to Griffin's earlier motion, counsel to represent him on appeal was appointed and filed a brief which was supplemental to that which Griffin himself filed