986 F.2d 1432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Haywood WILLIAMS, Jr. Plaintiff-Appellant,
v.
Edwin MEESE; Norman A. Carlson; Jerry O'Brien;
Superintendent, Federal Prison Industries; Supervisor Job
Placement, USP Leavenworth; Chaplain Craig; Chaplain
Mabry; Mr. Spencer, Librarian; Mr. Vincent, Recreation
Supervisor; Gerald Austin; Mr. Gaunce; Mr. Anderson; Dr.
Hill; Mr. Hackler; Mr. Morris; Supervisor, Commissary;
Mr. Simpson, Job Placement Officer; Unknown Members of The
Institution Inmate Work and Performance Committee; Mr. M.
Hammeke, Defendants-Appellees.
 No. 92-3391.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Williams, a pro se litigant, appeals the district court's entry of summary judgment and further asserts the district court erred in failing to follow this court's orders contained in a previous remand. We grant Mr. Williams permission to proceed in forma pauperis and affirm the district court's judgment.
 
 
 3
 * The First Appeal
 
 
 4
 This case has a long history. Mr. Williams, a federal inmate, commenced this civil action in 1986 by asserting five claims for relief. The district court dismissed this complaint for failure to state a claim. Mr. Williams appealed that decision to this court and we affirmed in part and reversed in part. Specifically, we held Mr. Williams had stated two claims for relief, the first being a Bivens-type claim which alleged that prison officials deprived Mr. Williams of his equal protection rights by discriminating against him in the delegation of job assignments on the basis of age, race or handicap, and the second claim alleging retaliatory denial of job assignments for the exercise of his First Amendment right to file administrative grievances. Further, this court noted the district court failed to address Mr. Williams' motion for appointment of counsel and the remand contained a suggestion this motion should be addressed in light of factors enunciated in Maclin v. Freake, 650 F.2d 885, 886, 887-89 (7th Cir.1981). See Williams v. Meese, 926 F.2d 994 (10th Cir.1991).
 
 II
 Proceedings Upon Remand
 
 5
 Upon remand, a pretrial conference was ordered and Mr. Williams responded by renewing and supplementing his request for counsel. A telephonic hearing was then held upon Mr. Williams' motion for counsel and the court ruled: (1) the legal issues were not of sufficient complexity to require the appointment of counsel; (2) the factual issues present were direct and straightforward involving witnesses within the jurisdiction of the court who were readily available and would present no issues that Mr. Williams could not address pro se; (3) Mr. Williams had demonstrated an obvious ability to represent himself as evidenced by the many pleadings and pro se motions filed by him which exhibited his familiarity with the Federal Rules of Civil Procedure; and (4) the merits of Mr. Williams' claims did not in themselves dictate the appointment of counsel.
 
 
 6
 Mr. Williams then announced he would not go forward with the pretrial conference until an appeal of this ruling was decided by the United States Court of Appeals, notwithstanding the advice of the court than an order to show cause why his claim should not be dismissed would be issued. The court issued an order to show cause and Mr. Williams responded by asserting he could not comply as he had been placed in administrative segregation.
 
 
 7
 Defendants then filed a motion for summary judgment which was supported by extensive factual materials. The factual materials presented consisted of true and correct copies of the prison records concerning Mr. Williams, including medical reports, work assignments and administrative remedy packets. The factual thrust of these records was the existence of legitimate, nondiscriminatory reasons behind decisions regarding Mr. Williams' job assignments. The records indicate that such decisions were based on job availability, medical capability, capacity of inmate to perform necessary job skills, and experience.
 
 
 8
 Mr. Williams filed a three-page response to the factual materials presented. This response contains many factual conclusions, such as: "I have reviewed the falsified exhibits"; "I was never assigned to any clerical duties because those duties were performed ... by Caucasian inmates"; "I learned that there was a pattern of racial discrimination being overtly applied"; "the physician ... medically misdiagnosed and evaluated me"; "I was the most qualified ... based on training, experience and education"; "[t]he law library position was filled ... to retaliate against me for alleging racial discrimination"; "I was the most qualified applicant"; and the list goes on.
 
 
 9
 The district court entered its Memorandum and Order, which basically found there existed no disputed facts, and granted summary judgment to defendants. The district court grounded this order, in part, upon the finding that Mr. Williams "made only bald claims" and failed to "specifically identify any ... basis for his claims."
 
 III
 The Present Appeal
 
 10
 Mr. Williams raises numerous assertions of error as follows: (1) "the Court ... deprived this Court of jurisdiction under 28 U.S.C. § 1291 because the Court failed to adjudicate all claims against all parties"; (2) "the Court's denial ... of counsel was fundamentally unfair"; (3) "the District Court erred in refusing [to] exercise its discretion and appoint counsel"; and (4) "the Court erred in granting Appellee's Motion for Summary Judgment where Appellant alleged facts that entitled him to relief."
 
 IV
 Failure to Adjudicate All Claims
 
 11
 In his appeal, Mr. Williams asserts the district court failed to adjudicate all claims against all parties in accordance with 28 U.S.C. § 1291.
 
 
 12
 The record on appeal fails to support this assertion. This court's order disposed of all issues except three: (1) Mr. Williams' Fifth Amendment claim of denial of equal protection on the basis of job discrimination for age, race and handicap; (2) retaliation for Mr. Williams' exercise of his First Amendment right on the basis of job discrimination; and (3) Mr. Williams' motion for counsel.
 
 
 13
 The district court's orders clearly and explicitly discussed and decided all three issues. The district court did not discuss the actions of the individual defendants; however, the district court clearly and specifically denied "all relief" requested by Mr. Williams. This has the effect of adjudicating all issues as to all parties.
 
 V
 Appointment of Counsel
 
 14
 The appointment of counsel in a civil suit rests within the discretion of the district court. Kennedy v. Meacham, 540 F.2d 1057, 1062 (10th Cir.1976). We therefore review a claim denying civil counsel under an abuse of discretion standard. McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir.1985). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." Id. at 839.
 
 
 15
 The district court properly considered the factors enunciated in Maclin, 650 F.2d at 887-89. The record on appeal demonstrates the factual issues are relatively simple and straightforward; the witnesses were available to Mr. Williams; and there appears no conflicting testimony except as to the conclusions. The legal issues are likewise simple. The appellate record also reveals Mr. Williams has demonstrated more than an adequate grasp of the legal issues presented. Given these factors, we cannot hold the district court abused its discretion in denying Mr. Williams appointed counsel.
 
 VI
 Entitlement to Relief
 
 16
 Mr. Williams asserts he "alleged facts that entitle him to relief." We read this as a claim that Mr. Williams alleged sufficient facts to withstand defendants' motion for summary judgment. We review de novo the district court's grant of summary judgment.
 
 
 17
 Although the initial burden is on the moving party to show the absence of genuine issue of a material fact, once a properly supported summary judgment is made, the burden shifts to the opposing party to respond with specific facts demonstrating a triable issue of material fact. Otteson v. United States, 622 F.2d 516, 519 (10th Cir.1980). Allegations of factual conclusions are not sufficient to ward off a motion for summary judgment. Mr. Williams' response to the motion for summary judgment is filled with factual conclusions as opposed to statements of fact. "Conclusionary allegations do not establish an issue of fact under Rule 56." Bruce v. Martin-Marietta Corp., 544 F.2d 442, 445 (10th Cir.1976).
 
 
 18
 An issue of fact is material and would preclude summary judgment if it would affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The substantive law forbids racial discrimination in the delegation of job assignments to inmates. See Bentley v. Beck, 625 F.2d 70 (5th Cir.1980). In order to find racial discrimination, the substantive law also requires a showing that a discriminatory purpose was the motivating factor. Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 270 (1977). In addressing an inmate's claim of racial discrimination, the Eighth Circuit held it was not enough to show that the employment practices have a discriminatory impact on black inmates, but there must be an allegation of intentional discrimination. Foster v. Wyrick, 823 F.2d 218, 221 (8th Cir.1987). Returning to the present facts, any dispute about the number or percentage of black inmates working in clerical positions is consequently irrelevant. Only genuine facts, not mere conclusions that go to the intent of the prison officials in the job selection process, are relevant.
 
 
 19
 Mr. Williams specifically alleges he was discriminated against in the application for two employment positions, the positions of law library clerk and chaplain's clerk. In each of these situations, the applicant selected instead of Mr. Williams was black, so there is clearly no dispute that the prison officials lack racially discriminatory intent on these two occasions. Mr. Williams also alleges age and handicap discrimination in the selection of these two positions. The district court found the prison officials had permissible reasons for selecting these two inmates for clerk positions: prior experience for the law clerk, and superior typing skills for the chaplain's clerk. Mr. Williams provides no facts that show the officials had a discriminatory intent regarding age or handicap in hiring the other applicants. He merely asserts the conclusions that the selection of a younger non-handicapped inmate constitutes age and handicap discrimination. Thus, there is no factual dispute regarding the intentions of the prison officials that would preclude the issuance of a summary judgment.
 
 
 20
 A similar analysis applies to the retaliation claim. Prison officials cannot punish the plaintiff for exercising his First Amendment right. Frazier v. Dubois, 922 F.2d 560, 562 (10th Cir.1990). The court in Frazier cautions, however, "[m]ere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Id. at 562 n. 1. Once again, Mr. Williams alleges no specific facts demonstrating a retaliation subsequent to his filing of administrative grievances. Therefore, summary judgment was proper.
 
 
 21
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3