19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Merquiades N. CESPEDES, Plaintiff-Appellant,
v.
Robert REDMAN; Cross, Mr.; J. Ricci, Defendants,
Norment, Mr.; O. Boyd, Defendants-Appellees.
 No. 93-1801.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1994.
 
 Before: KENNEDY and GUY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Merquiades Cespedes, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable damages, Cespedes sued various Michigan state prison officials, including the warden (Redman) of the Lakeland Correction Facility (LCF), the LCF deputy warden (Cross), an LCF inspector (Norment), a hearing officer (Ricci) employed at the state prison of southern Michigan (SPSM), and an SPSM sergeant (Boyd). The defendants are sued in their individual capacities. Cespedes argued that the defendants violated his due process rights when they transferred him from LCF to administrative segregation at SPSM without first providing a hearing. Initially, the district court denied Cespedes's motion for a default judgment, and dismissed the complaint as to defendants Ricci, Redman, and Cross. Thereafter, the magistrate judge filed a report recommending that the district court grant the remaining defendants' motion for summary judgment. Over Cespedes's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint. Cespedes has filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment to the defendants as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Cespedes did not have a liberty interest in a particular classification, and he nonetheless received all the process due if he did have such an interest. See Yashon v. Hunt, 825 F.2d 1016, 1022 (6th Cir.1987), cert. denied, 486 U.S. 1032 (1988). Cespedes also failed to state an equal protection claim, see Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 346 (6th Cir.1990); Bentley v. Beck, 625 F.2d 70, 71 (5th Cir.1980), and the defendants' actions were appropriate under MDOC policy. See Turner v. Safley, 482 U.S. 78, 85 (1987).
 
 
 4
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.