76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roslyn PARKER, Plaintiff-Appellant,
v.
Chris SKARMAS, Defendant-Appellee.
 No. 95-1340.
(D.C.No. 95-S-889)
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1996.
 
 ORDER AND JUDGMENT[1]
 Before PORFILIO, MCKAY and KELLY, Circuit Judges.[2]
 
 
 1
 Roslyn Parker, an inmate appearing pro se and in forma pauperis, appeals from the dismissal of her civil rights complaint, 42 U.S.C.1983, as frivolous under 28 U.S.C.1915(d). Because the complaint alleges a violation of equal protection that is not indisputably meritless, we reverse.
 
 
 2
 Ms. Parker alleges that she was assigned to work in the parking garage of the Colorado State Hospital. When she arrived, she alleges that the Defendant parking garage supervisor dismissed her without explanation. She further claims that she was told by prison officials that Defendant claimed that she "was too big to fit into the cars ... and that he ... did not like [her] nose ring." I R. doc. 3. In count I of her complaint, she alleges that she was denied employment because of her weight and ethnicity, that all other inmates allowed to work for the garage have been non-minority, and that she is being treated differently than the other inmates allowed to work at the garage. She contends that the Defendant is not serving a legitimate governmental interest or compelling state interest by excluding her on the basis that she is African-American.
 
 
 3
 The district court began by observing that prisoners have no constitutional right to a prison job or job assignment. Ingram v. Papalia, 804 F.2d 595, 596-97 (10th Cir.1986). The district court disposed of the equal protection claim as "meritless" because "Ms. Parker fails to allege that he [sic] is being treated in a manner unequal to other D.O.C. inmates. She also fails to allege she is a member of a constitutionally protected group." I R. doc. 6 at 3. The complaint clearly alleges racial discrimination, race being a suspect classification deserving of strict scrutiny under equal protection principles See Lawrence H. Tribe, American Constitutional Law 1465 (2d ed.1988). We have held that an inmate may state a discrimination claim based upon the constitutional guarantee of equal protection: "prison officials cannot discriminate against [an inmate] on the basis of [her] age, race, or handicap, in choosing whether to assign [her] a job or in choosing what job to assign [her]." Williams v. Meese, 926 F.2d 994, 998 (10th Cir.1991); accord Moore v. United States Dep't of Agriculture, 993 F.2d 1222, 1223 (5th Cir.1993); Bentley v. Beck, 625 F.2d 70, 70-71 (5th Cir.1980). Although we express no opinion on the merits, the complaint is not properly dismissed at this stage under 1915(d). See Neitzke v. Williams, 490 U.S. 319, 328 (1989) (purpose of 1915(d) is to screen out inarguable claims); Hall v. Bellmon, 935 F.2d 1106, 1108-11 (10th Cir.1991) (discussing standards under 1915(d), Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 56(c)).
 
 
 4
 REVERSED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument