**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-6938

CORNELL F. DAYE,

             Plaintiff – Appellant,

        v.

JIM RUBENSTEIN, Commissioner Department of Corrections
(Under and up to the limits of the liability insurance
coverage); CHARLENE SOTAK, Grievance Coordinator Department
of Corrections (Under and up to the limits of the State's
liability insurance coverage); THOMAS MCBRIDE, Ex-Warden
Mount Olive Correctional Complex (Individually and
Officially or Alternatively under and up to the limits of
the State's liability insurance coverage); DENVER RUSSELL,
CO. 1 Mount Olive Correctional Complex (Individually and
Officially or Alternatively under and up to the limits of
the State's liability insurance coverage),

             Defendants - Appellees.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston. Joseph R. Goodwin,
Chief District Judge. (2:09-cv-00909-JRG)

Submitted: February 10, 2011        Decided: March 17, 2011

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Vacated and remanded in part; affirmed in part by unpublished
per curiam opinion.

Cornell F. Daye, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornell F. Daye appeals from the district court's order adopting the report and recommendation of the magistrate judge and dismissing his 42 U.S.C. § 1983 (2006) complaint pursuant to 28 U.S.C. § 1915A (2006). Daye sued prison officials, challenging his treatment at his prison job. On appeal, he raises two claims: (1) his complaint properly pled an equal protection claim and (2) his state retaliatory discharge claim should have been considered as a First Amendment retaliation claim, based upon his allegations that he was fired for complaining about racial discrimination. We vacate and remand in part and affirm in part.

Pursuant to § 1915A, a district court shall dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915A(b). Allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330

3

F.3d 630, 633 (4th Cir. 2003). Pro se filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994). We review de novo a district court's dismissal for failure to state a claim pursuant to § 1915A. Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005).

To succeed on an equal protection claim, a prisoner must first show that he was treated differently from others who were similarly situated and that the unequal treatment resulted from intentional or purposeful discrimination. Once he makes this showing, the prisoner must allege facts that, if "true, would demonstrate that the disparate treatment lacks justification under the requisite level of scrutiny." Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002). Racial discrimination in prisoner job assignments states a violation of the Equal Protection Clause. See Davis v. Passman, 442 U.S. 228 (1979) (finding violation of Equal Protection Clause in employment context); Henry v. Van Cleve, 469 F.2d 687 (5th Cir. 1972) (finding equal protection claim where prisoner alleged racial discrimination in application of visiting privileges).

Liberally construing Daye's complaint, we conclude that his allegations are sufficient to survive the initial review under § 1915A. See De'Lonta, 330 F.3d at 633. Daye asserted that black inmates were ordered from their assigned

4

tasks and made to perform more degrading tasks, while white inmates were allowed to take over the originally-assigned tasks. Daye asserted that these decisions were made on the basis of race with the intent to humiliate and embarrass the black inmates. While Daye's complaint may be inartfully pled, it appears without question that he could prove a set of facts that would entitle him to relief. Specifically, if Daye could prove that the black inmates and the white inmates were similarly situated; that the black inmates were routinely assigned less desirable tasks while white inmates received preferred tasks; and that these decisions were made on the basis of race, he would have shown a violation of the Equal Protection Clause. Accordingly, the district court erred in dismissing Daye's equal protection claim.

Daye next asserts that the district court should have liberally construed his complaint to allege a claim of retaliation. Specifically, he claims that prison officials retaliated against him for his exercise of his "First Amendment rights" in complaining to officials regarding his job placement and the related alleged discrimination. For an inmate to state a colorable claim of retaliation, the alleged retaliatory action must have been taken with regard to the exercise of some constitutionally protected right, or the retaliatory action itself must violate such a right. <u>Adams v. Rice</u>, 40 F.3d 72, 75

5

(4th Cir. 1994). Furthermore, in a retaliation action alleging First Amendment violations, a plaintiff must show that the conduct complained of adversely affected his constitutional rights. ACLU v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993). It is insufficient to show a defendant's conduct caused a mere inconvenience. Id. at n.6. Moreover, the plaintiff must allege specific facts supporting the claim of retaliation; bare assertions of retaliation do not establish a claim of constitutional dimension. Adams, 40 F.3d at 74-75.

We find that, even if the district court should have construed the complaint as raising a retaliation claim, any such claim was without merit. First, prisoners do not have a constitutional right of access to the grievance process. Id. at 75. Daye's verbal complaints to prison officials were essentially a grievance, and thus, contrary to Daye's assertions, his expression of dissatisfaction was not constitutionally protected. Next, Daye failed to demonstrate that the conduct of prison officials adversely affected his constitutional rights. Daye proceeded to file written grievances on the issue and then filed this lawsuit. Accordingly, his access to courts has not been hindered or chilled in any way. As such, Daye's retaliation claim was properly dismissed.

Daye's complaint also raised claims of Eighth Amendment and state law violations, as well as conspiracy. However, on appeal, Daye does not address any of these claims in his informal brief. Therefore, consideration of any other claims not discussed above is deemed waived. <u>See</u> 4th Cir. Local R. 34(b) ("The Court will limit its review to the issues raised in the informal brief.").

For the foregoing reasons, we vacate the district court's dismissal of Daye's equal protection claim and remand for further proceedings. We affirm the dismissal of the remainder of Daye's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED IN PART;</u>
<u>AFFIRMED IN PART</u>