# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2022

Lyle W. Cayce
Clerk

No. 21-40086
Summary Calendar

Earnest J. Matthews,

*Plaintiff—Appellant*,

*versus*

Stacey LeBlanc; Syed Ahmed; Patricia Miller,

*Defendants—Appellees*.

─────────────────────────────

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-9

─────────────────────────────

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

A Texas prison inmate sued officials at the prison for violations of his civil rights. The district court dismissed for failure to state a claim upon which relief can be granted. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40086

## FACTUAL AND PROCEDURAL BACKGROUND

Earnest Matthews is an inmate currently in the custody of the Texas Department of Criminal Justice. Matthews brought a 42 U.S.C. § 1983 lawsuit against Department officials, alleging that his civil rights had been violated. He alleged that a prison guard, Sergeant Patricia Miller, directed racial slurs at him and was biased against African-American inmates. Matthews asserted that on one occasion, Miller struck another inmate and addressed him with a racial slur. He further alleged that two prison officials, Captain Syed Ahmed and Warden Stacey LeBlanc, failed to protect him from Miller or supervise her in any meaningful way.[1]

The district court ordered all three defendants to answer. The Office of the Texas Attorney General moved to dismiss the claims against LeBlanc but asserted that it could not represent Miller or Ahmed.

A magistrate judge recommended the dismissal of LeBlanc from the case. A later recommendation was that Miller and Ahmed, who had yet to make an appearance in the action, also be dismissed pursuant to 28 U.S.C. § 1915(A)(b). The district court agreed with both recommendations. The court entered a final judgment dismissing Matthews's claims. Matthews appealed.

## DISCUSSION

Section 1915A provides for early dismissal of prisoner complaints "if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is

---

[1] Matthews also asserts in his brief that there was a "verbal agreement" between him, other inmates, and Miller about keeping quiet about some incident involving synthetic marijuana. He did not raise this argument before the district court, and it is therefore forfeited. *See LeMaire v. Louisiana Dep't of Transp. & Dev.,* 480 F.3d 383, 387 (5th Cir. 2007).

immune from such relief." 28 U.S.C. § 1915A(b). This court examines "dismissals under Section 1915A(b)(1) *de novo*, using the standard applied under Federal Rule of Civil Procedure 12(b)(6)." *DeMarco v. Davis*, 914 F.3d 383, 386 (5th Cir. 2019). We "take[] the facts alleged in the complaint as true and view[] them in the light most favorable to" the plaintiff. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). Still, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of a cause of action's elements" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A *pro se* complaint is construed liberally. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021).

We begin with Matthews's claims against Miller, which appear to be an amalgam of Eighth Amendment and Fourteenth Amendment violations arising out of Miller's interactions with Matthews. Section 1983 allows for civil suits for violations of constitutional rights. 42 U.S.C. § 1983. Though inmates "have the constitutional right to be free of racial discrimination," mere allegations of verbal abuse or epithets, reprehensible though they may be, do not amount to a cognizable constitutional violation under Section 1983. *See Bentley v. Beck*, 625 F.2d 70, 70–71 (5th Cir. 1980) (per curiam); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993).

Verbal abuse is all Matthews has alleged.[2] Further, Matthews makes no allegations that he was treated differently because of his race but only

---

[2] Matthews's claims regarding the treatment of other inmates were also properly dismissed. Article III requires that a litigant seeking redress in federal court have standing to bring a claim. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). A party seeking to assert the rights of others, though, must meet an even higher standard that requires: (1) "injury in fact"; (2) a "close" relationship to the other party; and (3) "some hindrance to the third party's ability to protect his or her own interests." *Powers v. Ohio*, 499 U.S. 400,

loosely asserts that he was called a "snitch" and treated differently because he "talked politics." Consequently, Matthews's constitutional claims concerning Miller's behavior were properly dismissed.

Matthews's remaining claims relate to Ahmed and LeBlanc in their roles as supervisors. The magistrate judge properly held there was no vicarious liability under Section 1983. *See Ashcroft*, 556 U.S. at 676. Instead, a litigant must demonstrate that the supervisor either (1) participated personally in the constitutional violation or (2) "implement[ed] unconstitutional policies that causally result in plaintiff's injury." *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996). Matthews has not pled facts that would allow him to prevail on either theory. The district court properly dismissed these supervisory claims against LeBlanc and Ahmed.

Matthews also raises a failure-to-protect claim against Ahmed and LeBlanc.[3] To prevail, the litigant first "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the litigant must demonstrate that the prison official was deliberately indifferent to the inmate's "health or safety." *See id.* Matthews has shown neither. At most, Matthews has alleged that Miller uses offensive racial slurs and once had an altercation with another inmate. We cannot say on this record that Matthews's various allegations show a "substantial risk of harm" to him as contemplated by the Eighth Amendment. *See id.* The district court correctly dismissed this claim as well.

---

410–11 (1991). Matthews has demonstrated none of these elements. These claims were properly dismissed.

[3] Warden LeBlanc invoked the doctrine of qualified immunity in her motion to dismiss. Because we conclude that Matthews has failed to plead sufficient facts to support his claim, we need not reach this argument.

No. 21-40086

Finally, to the extent that Matthews seeks monetary damages against the prison officials in their official capacities, the Eleventh Amendment bars that relief. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65–67 (1989).

AFFIRMED.