353 F.2d 196
 Robert F. URBANO, Appellant,
v.
Guy W. CALISSI, Prosecutor of Bergen County, New Jersey, Martin J. Ferber, Sheriff of Bergen County (Jail), New Jersey, Carl W. Jockish, Chief of Police, Paramus, New Jersey, John F. Nicolas, Captain of Police, Paramus, New Jersey, and Their Agents.
 No. 15508.
 United States Court of Appeals Third Circuit.
 Submitted November 1, 1965.
 Decided November 23, 1965.
 
 Robert F. Urbano, pro se.
 Roger W. Breslin, Carl W. Jockish, John P. Nicolas, and Ronald J. Picinich, Hackensack, N. J., for Guy W. Calissi.
 Abram A. Lebson, Englewood, N. J., for Martin J. Ferber.
 Before STALEY and FREEDMAN, Circuit Judges, and COHEN, District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appeals to us from a judgment of dismissal of his complaint in an action which he has brought against the Prosecutor and Sheriff of Bergen County, New Jersey, the Chief of Police and Captain of Police of Paramus, New Jersey, "and their agents".
 
 
 2
 The complaint, which was filed by the plaintiff pro se, alleges that plaintiff is now incarcerated in the New Jersey State Prison at Trenton, New Jersey. It alleges that the defendants, acting under color of the laws of the State of New Jersey and the ordinances of the municipalities of Bergen County, New Jersey, took into their possession certain personal property, chiefly clothing, which belonged to plaintiff and that defendants have not returned it to him and have maliciously refused to account to him for it, although he has made demand for its return. He claims $688.40, representing the value of the personal property, with interest, and punitive damages in the amount of $5,000. Jurisdiction is claimed under the Civil Rights Act, 28 U.S. C.A. § 1343 and 42 U.S.C.A. § 1983.
 
 
 3
 On June 9, 1965 the District Judge granted leave to plaintiff to file the complaint without payment of fees. In the same order the court went on to state that it had examined the complaint thus filed, that it failed to disclose any basis for jurisdiction and therefore ordered the complaint dismissed for lack of jurisdiction. The present appeal is taken from the judgment of dismissal.
 
 
 4
 It appears that none of the defendants has been served with the complaint. There is therefore no party defendant of record in the proceeding. As a result, when the case was submitted to us on appeal there were no appellees before the court. In a case of this kind it is desirable that the action by permitted to proceed in the customary manner. Plaintiff was entitled to an opportunity to be heard on the legal questions involved in the court's conclusion that the complaint should be dismissed. See Harmon v. Superior Court, 307 F.2d 796 (9 Cir. 1962). The defendants have appropriate means under the Rules of Civil Procedure to move for the dismissal of the action or for summary judgment. At that time both sides will have full opportunity to present their contentions and whatever conclusion the District Judge may arrive at on the merits (See Sheridan v. Williams, 333 F.2d 581 (9 Cir. 1964)) will have the benefit of the views of the contending parties on the merits and on the jurisdictional question.
 
 
 5
 We do not, of course, intend at this time to indicate what the decision below should be after an opportunity for appropriate hearing has been afforded to the parties.
 
 
 6
 The judgment of dismissal will be vacated so that the case may proceed in due course, beginning with service of the complaint on the defendants.