Richard J. MAYBERRY

v.

The Honorable Leo WEINROTT, Judge in the Court of Oyer and Terminer, and General Jail Delivery and Court of Quarter Sessions of Philadelphia County, Pennsylvania, et al.

Civ. A. No. 40362.

United States District Court
E. D. Pennsylvania.
June 2, 1966.

------

Richard J. Mayberry, in pro. per.
No appearance for defendant.

LUONGO, District Judge.

This is one of what appears to be a growing number of suits under the Civil Rights Act seeking to enjoin state court judges, or prosecuting attorneys, or both, at various stages of state criminal proceedings because of alleged violations of constitutional rights.

In this case plaintiff, Richard J. Mayberry, is facing trial in the state courts on charges of perjury. He wants to represent himself. He insists that he has knowingly and intelligently waived the right to be represented by counsel, but in spite of that, the defendant state trial judge has appointed counsel to represent him against his will. Mayberry complains that the appointment of counsel under these circumstances violates his

constitutional right to be his own lawyer, see Moore v. State of Michigan, 355 U.S. 155, 161, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948), denies him due process of law and the right to a fair trial. He also charges that the trial judge has displayed an antagonistic, hostile and prejudiced attitude toward him, that there exists animosity between the trial judge and himself, resulting in numerous insulting and sarcastic exchanges of words between them. He wants the trial judge disqualified from conducting his trial.

This court has jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, to enjoin state criminal proceedings, Cooper v. Hutchinson,[1] 184 F.2d 119 (3d Cir. 1950), but that power must be exercised sparingly in the interest of preserving the delicate balance of federal-state relations. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951). Intervention by injunction against state criminal proceedings should be resorted to only to prevent manifest injustice in extraordinary cases involving the violation of fundamental constitutional rights or the denial of the basic requirements of due process of law.

We have been admonished, in civil actions, to permit process to issue and to require the named defendant to appear and answer or otherwise move with respect to the complaint, rather than to dismiss on our own motion. Urbano v. Calissi, 353 F.2d 196 (3d Cir. 1965). To follow that procedure in every suit under the Civil Rights Act against state judges at various stages of criminal trials would be unduly disruptive. The issuance of process would thrust upon the state trial judge the role of adversary to the complaining state court defendant, a role so

[1]. 28 U.S.C. § 2283 prohibits injunctions against state court proceedings except where expressly authorized by law. The Third Circuit has held that 42 U.S.C. § 1983, by its reference to proceedings in equity, grants such express authorization. Cooper v. Hutchinson, supra. The Supreme Court in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) reserved the question whether the Civil Rights Act confers the power to enjoin state criminal process once such process has been initiated. Cooper relied heavily on Picking v. Pa. R. R., 151 F.2d 240 (3d Cir. 1945), since overruled. Bauers v. Heisel, 361 F.2d 581 (3d. Cir. 1966).

inimical to the judicial function that it should be avoided wherever possible. Permitting process to issue in all such cases suffers from at least two grievous defects, first, it tends to destroy the air of impartiality which should surround the state criminal trial and, second, could well result in a postponement of the state trial pending the outcome of the federal proceedings, thus resulting in a practical, if not a legal temporary injunction against the state proceedings.

■■ I think it appropriate and completely consistent with the requirements of Urbano v. Calissi, supra, for this court to examine the complaint prior to the issuance of process to determine whether, accepting the allegations of the complaint as true, it sets forth a case warranting preliminary injunctive relief against the state trial judge and the state court proceedings. If the allegations of the complaint, viewed in the light most favorable to the plaintiff, show a violation of such fundamental constitutional rights or such a denial of due process as to make a fair trial impossible or highly unlikely, this court should then exercise its jurisdiction, allow process to issue and require the named defendant to appear and answer or otherwise move with respect to the complaint. But if the allegations of the compaint, so viewed, reveal no violation of such fundamental constitutional rights or such a denial of due process as to make a fair trial impossible or highly unlikely, this court should decline to exercise its jurisdiction, refuse to authorize the issuance of process and relegate the complainant to such remedies as are available to him after the state trial has been conducted. I do not read Urbano as precluding this procedure. The suit there was against law enforcement officers and prosecuting attorneys and did not, in any way, involve an attempt to enjoin state court proceedings.

■■ Viewing Mayberry's complaint in that light, the basic charge is that the state trial judge is forcing a lawyer upon him when he doesn't want one. Prejudice is presumed if a defendant is denied the assistance of counsel in a criminal proceeding and for that reason a denial of the assistance of counsel violates a fundamental constitutional right which goes to the heart of the requirements of a fair trial. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. 2d 114 (1961). But the converse is not true. It cannot be presumed that a defendant in a criminal proceeding will be prejudiced by being represented by counsel, even if he doesn't want to be. Whether Mayberry will or will not be prejudiced by the assistance of court appointed counsel can only be determined after the state criminal trial has been conducted, after a record has been made as to the precise role Mayberry and his court appointed counsel will have played in those proceedings. That can only be determined after the fact, not before. I am firmly convinced that regardless of the evidence Mayberry might intend to adduce at a hearing on a request for injunctive relief, he could not satisfy the court that an injunction should issue to prevent his being represented by counsel at his imminent state criminal trial.

The remaining allegation, that of alleged bias and prejudice, is based on allegations that (a) the state trial judge has previously sentenced Mayberry on other criminal charges, and (b) certain sarcastic and insulting remarks have passed between Mayberry and the state trial judge during the proceedings at which counsel was appointed. These do not charge violations of constitutional rights. If the state trial judge's alleged bias and prejudice manifests itself during the criminal trial which has not yet been conducted, it may result in such an unfair trial as to constitute a denial of due process, but again that can only be determined after, not before, the trial.

Since I conclude that the allegations of the complaint, viewed in the light most favorable to the plaintiff, would not war-

rant the grant of injunctive relief sought against the state trial judge and the state criminal proceedings, in the interest of federal-state relations, I decline to exercise this court's jurisdiction and will dismiss the complaint for failure to state a claim upon which injunctive relief may be granted.

### ORDER

And now, this second day of June, 1966, it is ordered that the Complaint be and it is hereby dismissed for failure to state a claim upon which injunctive relief may be granted.