Michael J. KINECKI, Plaintiff,

v.

The DISTRICT ATTORNEY OF ERIE
COUNTY et al., Defendants.

Civ. A. No. 105–71, Erie.

United States District Court,
W. D. Pennsylvania.

Dec. 13, 1971.

Richard P. Scarpitti, Edward P. Wittmann, Erie, Pa., for plaintiff.

OPINION

WEBER, District Judge.

Plaintiff, a district justice of a state magisterial district, charged by the Pennsylvania authorities for the crime of bribery under the Pennsylvania Criminal Code, has filed a civil complaint in this court seeking equitable and declaratory relief. The defendants named are the District Attorney of Erie County and the Chief County Detective of Erie County. Jurisdiction is claimed under the Civil Rights Acts and the Fourteenth Amendment to the Constitution of the United States.

The court will take no action on the complaint at this time.

"In a case of this kind it is desirable that the action be permitted to proceed in the customary manner. Plaintiff was entitled to an opportunity to be heard on the legal questions involved . . . The defendants have appropriate means under the Rules of Civil Procedure to move for the dismissal of the action or for summary judgment. At that time both sides will have full opportunity to present their contentions and whatever conclusion the District Judge may arrive at on the merits (See Sheridan v. Williams, 333 F.2d 581 [9th Cir., 1964]) will have the benefit of the views of the contending parties on the merits and on the jurisdictional question." Urbano v. Calissi, 353 F. 2d 196, 197 [3rd Cir., 1965].

See also Mayberry et al. v. Prasse et al., 3rd Cir., October 26, 1971, 449 F.2d 1266.

However, at the time of filing the complaint plaintiff also presented a Mo-

tion for Preliminary Injunction, which requires immediate consideration. This is not a motion for temporary restraining order under Fed.R. of Civ.P. 65, but apparently a motion to set a hearing for a preliminary injunction upon notice and hearing.

The complaint alleges that plaintiff has been charged with the crime of bribery by the defendants without their having charged the alleged participant with the same offense, resulting in the denial to the plaintiff of the equal protection of laws under the Fourteenth Amendment to the Constitution of the United States. The complaint further charges that defendants are acting under color of state law and that, therefore, the action is in violation of the federal Civil Rights Acts.

The complaint further alleges that the defendant District Attorney intends to use certain immunity statutes of the Commonwealth of Pennsylvania to grant immunity from prosecution to the alleged participant in the offense charged to secure his testimony against the instant plaintiff. It is alleged that such statutes provide for the unequal treatment of individual citizens in violation of the Fourteenth Amendment of the Constitution of the United States. In this allegation plaintiff impliedly asks for declaratory as well as injunctive relief. However, the plaintiff has not presented a motion for the convening of the statutory 3-judge United States District Court required by 28 U.S.C. § 2284 for considering the merits of allegations of unconstitutionality of a state statute. This aspect can be further considered when we come to a consideration of the complaint, after receipt of a responsive pleading.

We, therefore, restrict our present consideration to the motion for preliminary injunction.

"A federal lawsuit to stop a prosecution in a state court is a serious matter." Younger v. Harris, 401 U.S. 37, 42, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 [1971].

"Since the beginning of this country's history Congress has, subject to a few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Ibid.* p. 43, 91 S.Ct. p. 750.

"Notwithstanding the authority of the district court, as a federal court, to hear and dispose of the case, petitioners are entitled to the relief prayed only if they establish a cause of action in equity. Want to equity jurisdiction, while not going to the power of the court to decide the cause (citations omitted) may nevertheless, in the discretion of the court, be objected to on its own motion. (citations omitted). Especially should it do so where its powers are invoked to interfere with threatened criminal prosecutions in a state court." Douglas v. Jeannette, 319 U.S. 157, 162, 63 S.Ct. 877, 880, 87 L.Ed. 1324 [1943].

While the quotation from Douglas v. Jeannette, supra, speaks of the threat or imminence of state prosecution, Younger v. Harris, supra, makes the point even more clear. "Here a proceeding was already pending in the state court, affording Harris an opportunity to raise his constitutional claims." [401 U.S. p. 49, 91 S.Ct. p. 753].

"It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guarantees, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction." Douglas v. Jeannette, supra, 319 U.S. p. 163, 63 S.Ct. p. 881.

While the federal courts are restrained by statutory and judicial precedent, they may act where the damage of irreparable loss is both great and immediate. However, it is "clear that in

view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is 'both great and immediate.' (citations omitted) Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." (citations omitted). Younger v. Harris, supra, 401 U. S. p. 46, 91 S.Ct. p. 751.

The present plaintiff therefore is facing a single criminal prosecution which has already been instituted. He may present all his defenses of constitutional rights and all his attacks on the constitutional invalidity of the immunity statutes in that proceeding. The state court's judges, no less the judges of the United States Courts, are sworn to uphold the Constitution of the United States. In either case the avenue of ultimate appeal on the constitutional issues to the Supreme Court of the United States is not foreclosed.

We therefore conclude that the Motion for Preliminary Injunction must be denied by the court, without prejudice to the determination of the remainder of plaintiff's complaint at such time as issues may be framed by a responsive pleading of the defendants.

We must note, however, that in the series of cases dealing with the present issue decided by the Supreme Court on February 23, 1971, along with Younger v. Harris, supra, the Court noted, f.n.2, p. 41, 91 S.Ct. p. 749:

> "For the reasons stated in our opinion today in Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688, we hold that declaratory relief is also improper when a prosecution involving the challenged statute is pending in state court at the time the federal suit is initiated."