

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2003

# Roberts v. Mayor and Burgesses

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2126

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Roberts v. Mayor and Burgesses" (2003). *2003 Decisions.* Paper 384.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/384

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2126

CLARENCE P. ROBERTS,

Appellant

v.

THE MAYOR AND BURGESSES OF THE LONDON BOROUGH OF BRENT

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Dist. Court No. 02-cv-01064)

District Court Judge: Faith S. Hochberg

Argued on June 2, 2003

Before: ALITO, ROTH and STAPLETON, <u>Circuit Judges</u>

(Opinion Filed: July 9, 2003)

ANDREW M. MOSKOWITZ
(argued)
76 South Orange Ave., Suite 205
South Orange, NJ 07079

*Counsel for Appellant*

PER CURIAM:

Clarence P. Roberts ("Roberts") appeals an order of the United States District Court for the District of New Jersey ("District Court") dismissing his complaint against the Mayor and Burgesses of the London Borough of Brent ("Brent") with prejudice for lack of subject matter jurisdiction. For the reasons stated below, we affirm the judgment of the District Court.

Because we write only for the parties, we need not discuss the factual background of this case. Roberts makes three contentions on appeal. First, Roberts argues that the District Court was not authorized to dismiss his complaint before he could serve Brent with process. Second, Roberts maintains that even if the District Court could dismiss the complaint prior to service of process, the District Court was required to allow Roberts leave to amend his complaint. Finally, Roberts avers that the District Court erred by determining that it lacked subject matter jurisdiction over Roberts's suit. We address Roberts's contentions in turn below. Because the present case involves only disputes of law, our review is plenary. In re Sharon Steel Corp., 871 F.2d 1217, 1223 (3d Cir. 1989).

I.

Roberts claims that a District Court cannot dismiss a complaint on its own motion before the plaintiff serves process on the defendant. In support of this proposition,

Roberts cites <u>Urbano v. Calissi</u>, 353 F.2d 196 (3d Cir. 1965), and <u>Mayberry v. Prasse</u>, 449 F.2d 1266 (3d Cir. 1971). In <u>Urbano</u>, the District Court dismissed the plaintiffs' complaint prior to service of process on the defendants. We vacated the District Court's judgment and remanded for further proceedings. In a brief opinion, we stated that since it "appear[ed] that none of the defendants ha[d] been served with the complaint," it was "desirable that the action be permitted to proceed in the customary manner." <u>Urbano</u>, 353 F.2d at 197. In <u>Mayberry</u>, the District Court dismissed the plaintiffs' action pre-service "without any consideration of the merits." <u>Mayberry</u>, 449 F.2d at 1266. We vacated and remanded, stating simply that "the district court should have followed here the advice given in the <u>Urbano</u> case." <u>Id.</u> at 1267.

We agree with Roberts that <u>Urbano</u> established the supervisory rule that a District Court may not dismiss a suit prior to service of process. This rule rests on three sound prudential grounds. First, the dismissal of a complaint prior to service of process can compromise the District Court's appearance of impartiality. <u>See</u> <u>Oatess v. Sobolevitch</u>, 914 F.2d 428, 431 (3d Cir. 1990) (citing this consideration in favor of the proposition that a District Court may not dismiss a complaint prior to service of process under Fed. R. Civ. P. 12(b)(6)). Second, "[w]hile [a] district court may aim" by dismissing a complaint prior to service of process "to clear its docket of what appears to be a meritless case and relieve the defendants of the time and expense needed to respond, if an appeal is taken the case shuttles between the district and appellate courts." <u>Id.</u> Finally, in such

3

circumstances "the appellate court . . . will likely be without the aid of opposing counsel to clarify the issues." Id.

We do not, however, read Urbano to foreclose the possibility that dismissal for lack of subject matter jurisdiction prior to service of process may be harmless error. Such a reading would be inconsistent with the grounds on which Urbano was decided. To support our conclusion in Urbano, we cited a Ninth Circuit decision, Harmon v. Superior Court, 307 F.2d 796 (9th Cir. 1962), in which that court reversed a District Court decision dismissing a complaint prior to service of process. Importantly, Harmon was not decided on the ground that dismissal before service of process is always improper. Instead, Harmon emphasized that a "District Court always has power to dismiss for lack of jurisdiction . . . . at any time that such lack appears." Harmon, 307 F.2d at 797. It was the Harmon court's determination that the District Court had jurisdiction pursuant to 28 U.S.C. § 1343, not a blanket rule prohibiting dismissal prior to service of process for lack of jurisdiction, that formed the basis for its conclusion. Id. at 797-98. We would not likely have relied on Harmon in Urbano if we held the view that dismissal prior to service of process always constitutes reversible error.[1] Moreover, preserving the possibility of

---

[1]Our recognition of the possibility of harmless error in this context aligns our jurisprudence in this area with that of several other circuits that have concluded that dismissal of a complaint for lack of subject matter jurisdiction is appropriate even where such dismissal occurs prior to service of process. See Joyce v. Joyce, 975 F.2d 379, 386-87 (7th Cir. 1992) (affirming the dismissal of a complaint for lack of subject matter jurisdiction prior to service of process); Zernial v. United States, 714 F.2d 431, 433-34 (5th Cir. 1983) (affirming a dismissal prior to service of process on the ground that "[s]ua

4

harmless error in these circumstances comports with Fed. R. Civ. P. 61, which recognizes that "any ruling or order" by a District Court may constitute harmless error. See Fed. R. Civ. P. 61 ("No error in . . . any ruling or order . . . by the court . . . is ground for . . . disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."). Accordingly, we hold that while it constitutes error for a District Court to dismiss an action prior to service of process on the defendant, that error may be harmless under certain circumstances.

Although we need not enumerate all of the possible circumstances under which the dismissal of a complaint prior to service of process may amount to harmless error, we believe that one such situation obtains where it is apparent, on the face of the complaint, that the District Court lacks subject matter jurisdiction. This determination comports with Fed. R. Civ. P. 12(h)(3), which categorically states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). As we explain below, we believe that the District Court in the instant case erred by dismissing Roberts's

_____

sponte dismissal for lack of subject-matter jurisdiction is, of course, proper at any stage of the proceedings"); Franklin v. Oregon, 662 F.2d 1337, 1342 (9th Cir. 1981) ("In contrast to dismissals for failure to state a claim, if the court lacks subject matter jurisdiction, it is not required to issue a summons or follow the other procedural requirements.") (citing Loux v. Rhay, 375 F.2d 55, 58 (9th Cir. 1967)).

5

complaint prior to service of process on Brent, but that such error was harmless because it was clear from the face of Roberts's complaint that the District Court lacked subject matter jurisdiction.

For a District Court to possess subject matter jurisdiction over a plaintiff's action under Article III of the Constitution, the plaintiff must have standing to sue. ACLU-NJ v. Twp. of Wall, 246 F.3d 258, 261 (3d Cir. 2001). A "plaintiff only has Article III standing if," inter alia, "'it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" Pitt News v. Fisher, 215 F.3d 354, 361 (3d Cir. 2000) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc., 528 U.S. 167, 181 (2000)). When the question whether a plaintiff's "'claims of economic injury would be redressed by a favorable decision . . . depends on the unfettered choices made by independent actors not before the court[] and whose exercise of broad and legitimate discretion the court[] cannot presume either to control or to predict,'" US Ecology, Inc. v. United States DOI, 231 F.3d 20, 24 (D.C. Cir. 2000) (quoting ASARCO, Inc. v. Kadish, 490 U.S. 605, 615 (1989)), the plaintiff must "adduce facts showing that those choices have been or will be made in such manner as to . . . permit redressability of injury," Lujan v. Defenders of Wildlife, 504 U.S. 555, 562 (1992).

In the instant case, Roberts's alleged injury consists of the taking of his property by Brent pursuant to the judgment of the Chancery Division of the British High Court ("Chancery Division"). Roberts argues that if the District Court issued a declaratory

6

judgment stating that he had not been served in compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Convention"), that declaration "would likely cause the court in the English action to vacate its order." Brief for Appellant at 13. The redressability of Roberts's injury therefore depends on the future actions of the Chancery Division, an "independent actor not before the court." Roberts was thus required to plead facts suggesting that the Chancery Division would vacate its order if the District Court issued a declaratory judgment in Roberts's favor.

Roberts's complaint, however, contains no indication of why the Chancery Division would vacate its judgment if the District Court issued the declaratory judgment Roberts seeks. Accordingly, Roberts's complaint failed to allege that his injury was redressable by a favorable decision. The District Court therefore correctly determined that it lacked subject matter jurisdiction over Roberts's action.

Since it was apparent from the face of Roberts's complaint that the District Court did not have subject matter jurisdiction over Roberts's suit, we hold that, although the District Court erred by dismissing Roberts's complaint prior to service of process, the District Court's error was harmless.

## II.

Roberts next contends that the District Court erred by failing to afford him leave to amend his complaint. In support of this proposition, Roberts cites Fed. R. Civ. P. 15(a),

which states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Since no responsive pleading had yet been served on Roberts at the time the District Court dismissed his suit, Roberts argues, Roberts should have been allowed to amend his complaint.

It is well established that even before a responsive pleading has been filed, a District Court may dismiss a plaintiff's claim without leave to amend where "any amendment would be futile." Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000); see also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

We have held that where the absence of subject matter jurisdiction is apparent from the face of a complaint, any amendment would be futile, and hence dismissal without leave to amend is proper. See Miklavic v. USAir, 21 F.3d 551, 557-58 (3d Cir. 1994) ("[W]e find that granting leave to amend would have been futile on [the] ground . .

8

. . [of] lack of subject matter jurisdiction.").  As noted above, it was clear from Roberts's complaint that the District Court lacked subject matter jurisdiction over his suit.[2]

Accordingly, the District Court was not required to grant Roberts leave to amend.

III.

For the foregoing reasons, we affirm the judgment of the District Court.

---

[2]At oral argument, Roberts acknowledged that he is not currently suffering injury as a result of threats by Brent to execute the Chancery Division's judgment in the United States.