**Bert John ALLEN, III, Appellant**

v.

**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES AFL–CIO; National Council of Prisons Local–33; All Known and Unknown Employees; Unknown Titan Group.**

No. 06–4943.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 17, 2008.

Filed April 24, 2008.

**198**

Bert John Allen, III, New Market, NH, pro se.

Before: AMBRO, FUENTES and FISHER, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Bert John Allen, III, appeals, pro se, from the order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint as frivolous. We will affirm in part and vacate in part.

### I.

Allen commenced the current action by filing a pro se complaint and paying the full filing fee. Although his claims arose out of his incarceration by the federal Bu-

reau of Prisons, he was released from prison prior to the commencement of the case. Invoking, among other things, the *Bivens* doctrine, his complaint contained allegations against the national union for federal prison employees, prison collective bargaining units, union officials, individual prison guards (and union members), and a private company, Titan Group, as well as its employees. Allen alleged that Defendants engaged in a widespread conspiracy to permit and assist in the rape, torture, and abuse of white Christian inmates, including himself, by their black Muslim counterparts. According to Allen, the conspirators kidnapped his wife, a linguist for the Ukranian government. In addition to his allegations of a conspiracy, Allen claimed that Defendants retaliated against him because of his prior lawsuits, potential deposition testimony in one of his lawsuits, and internal affairs complaints. He further alleged that prison employees interfered with his access to the courts.

Based on its own alleged "inherent authority," the District Court sua sponte dismissed the complaint as frivolous. (11/15/06 Mem. at 3.) Allen filed a timely notice of appeal.[1]

### II.

The District Court dismissed the complaint on its own initiative, before service of process and without prior notice to Allen.[2] The District Court acknowledged that the statutory provisions authorizing the dismissal of frivolous claims filed by

---

1. In addition to his notice of appeal, Allen filed several requests for relief with the District Court after the dismissal. The District Court specifically denied as moot his motion for only Article III judges to be assigned to his case.

2. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal.

See, e.g., *Frett–Smith v. Vanterpool,* 511 F.3d 396, 399 (3d Cir.2008) (dismissal for lack of subject-matter jurisdiction); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir.1999) (dismissal under in forma pauperis statute). We may affirm on any ground supported by the record. *See, e.g., Tourscher,* 184 F.3d at 240.

either prisoners or plaintiffs proceeding in forma pauperis did not apply here. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 & n. 10 (3d Cir.2002). The District Court stated that it possessed the inherent authority to "dismiss [sua sponte] a frivolous complaint even when a non-prisoner plaintiff has paid the required filing fee." (11/15/06 Mem. at 3.) This Court has not expressly considered whether the district court possesses such authority, and we need not do so in the present circumstances. Instead, we will affirm the District Court's dismissal of the conspiracy claims pursuant to the better established "substantiality" doctrine. We will further vacate its dismissal of the remaining claims because, even if it did possess the inherent power to dismiss frivolous claims, it committed reversible error by dismissing Allen's non-frivolous claims for retaliation and denial of access to the courts.

■ Under the "substantiality" doctrine, "federal courts are without power to entertain claims otherwise in their [subject-matter] jurisdiction if they are 'so attenuated and insubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' obviously frivolous,' plainly unsubstantial,' or 'no longer open to discussion.' " [3] *Hagans v. Lavine*, 415 U.S. 528, 537, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (citations omitted). Like the District Court, we find that Allen's allegations of an international conspiracy by Muslim inmates, prison unions, apparently lower-level prison employees, and others to torture and abuse white Christian inmates, as well as to kidnap his own wife, are wholly incredible. The specific acts allegedly committed in connection with the conspiracy are also unbelievable. For instance, he alleged that Defendants actually attempted to serve him a human breast at a meal. We accordingly conclude that his conspiracy claims are "obviously frivolous" and so devoid of any real merit that the District Court lacked jurisdiction to consider them.

Even so, the District Court should still have provided Allen with notice and an opportunity to respond before dismissing the conspiracy claims on its own initiative. *See, e.g., Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761–62 (3d Cir.1976); *Urbano v. Calissi*, 353 F.2d 196, 197 (3d Cir.1965) (per curiam). Furthermore, a district court should generally wait until after service of process before dismissing a complaint for lack of subject-matter jurisdiction. *See, e.g., Urbano*, 353 F.2d at 197. But, even if it had allowed the case to proceed and provided Allen with a chance to defend his complaint, the conspiracy claims would still have been dismissed because of their obviously fantastic nature. Our review of Allen's appellate brief, which reiterates and even adds to his unbelievable allegations, further confirms that any response by Allen to the District Court would not have altered the end result. Under the circumstances, we must conclude that the District Court's errors in dismissing the conspiracy claims were harmless. *See, e.g.,* Fed.R.Civ.P. 61.

■ On the other hand, the District Court did commit reversible error in dismissing Allen's complaint in its entirety. In particular, it never expressly considered his claims for retaliation and for denial of access to the courts. Although primarily focused on the alleged conspiracy, the complaint did allege that Allen engaged in protected activity in the form of prior civil rights actions, potential deposition testimo-

---

3.  Although criticized by the Supreme Court as " 'more ancient than analytically sound,' " the "substantiality" standard remains "the federal rule." *Hagans*, 415 U.S. at 538, 94 S.Ct. 1372 (citation omitted); *see also, e.g., Roman v. Jeffes*, 904 F.2d 192, 196 n. 5 (3d Cir.1990).

ny, and internal affairs complaints, and that he then suffered from adverse actions as a result, including a prison transfer and detention in the "hole." *See, e.g., Mitchell v. Horn*, 318 F.3d 523, 529–31 (3d Cir. 2003). The pleading also specifically cited a leading Supreme Court case regarding access to the courts. (*See* Compl. at 5 (citing *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)).) Whether analyzed under the jurisdictional "substantiality" standard applied above or the District Court's "inherent authority" approach, the claims do not appear to be incredible or otherwise frivolous. We therefore must vacate the District Court's dismissal of Allen's retaliation and access claims.

## III.

For the foregoing reasons, we will affirm the District Court's order insofar as it dismissed Allen's claims of conspiracy. However, we will vacate its order with respect to the claims of retaliation and denial of access to the courts, and will remand this matter to the District Court for further proceedings consistent with this Opinion.[4] We also deny Allen's "Motion to stay any Decisions."

---

**4.** On appeal, Allen apparently seeks the reassignment of his case to a different District Judge. Nevertheless, we deny his unfounded request, which is apparently based on nothing more than disagreement with the District Judge's rulings in this matter and a previous case. *See, e.g., Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir.2000).