

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2008

# Liggon-Redding v. Amer Securities Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1764

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Liggon-Redding v. Amer Securities Ins" (2008). *2008 Decisions.* Paper 844.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/844

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1764

ELIZABETH LIGGON-REDDING,

Appellant

v.

AMERICAN SECURITIES INSURANCE COMPANY;
NATIONAL CITY MORTGAGE COMPANY

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 06-cv-00227)
District Judge: Honorable James M. Munley

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2008

Before: AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed July 15, 2008)

OPINION

AMBRO, <u>Circuit Judge</u>

Elizabeth Liggon-Redding challenges the District Court's dismissal of her Complaint for lack of subject matter jurisdiction. We vacate the Court's order and remand the case for further proceedings.

Liggon-Redding alleges the following in her Complaint. Her home was destroyed in a fire, and her insurance company (American Securities Insurance Company, or "American"), which had issued a policy in the amount of $149,000, determined that the home could be repaired for $39,281.23. Her mortgage company (National City Mortgage, or "National") agreed to accept the $39,281.23 payment in satisfaction of the balance due on the mortgage. American then determined that the home was a total loss and issued two checks to compensate for the loss in the combined amount of $48,711.26. American, however, sent both checks to National rather than to Liggon-Redding. Alleging that American should have paid her because National had already accepted the repair payment in total satisfaction of the mortgage, Liggon-Redding filed suit *pro se* in the District Court, demanding (1) that National give her all amounts paid to it in excess of the initial $39,281.23 payment and (2) that American give her the remainder owed to her under her $149,000 policy (approximately $60,000 after the payments to the mortgage company are deducted).

Before the Summons and Complaint were served on American and National, the District Court dismissed the Complaint *sua sponte* for lack of diversity subject matter jurisdiction. It ruled that the Complaint contained two separate claims against two

2

separate defendants and that neither of the amounts in controversy, on its own, exceeded the $75,000 amount-in-controversy requirement for federal diversity jurisdiction.[1] After concluding that the amounts could not be aggregated, the District Court dismissed the Complaint and did not grant leave to amend. Liggon-Redding moved for reconsideration, but the Court denied the motion. Liggon-Redding then filed this appeal, in which neither American nor National is participating as an appellee.[2]

A district court generally should not dismiss a suit prior to service of process. *See Urbano v. Calissi*, 353 F.2d 196, 197 (3d Cir. 1965). Moreover, it should generally permit amendment of a complaint that is vulnerable to dismissal where a responsive pleading has not been filed. *See Alston v. Parker*, 363 F.3d 229, 235–36 (3d Cir. 2004).

We perceive no exception to these general rules that would apply here. We cannot conclude that what the District Court did was "harmless," *see* Fed. R. Civ. P. 61 (providing that a harmless error will not provide a ground for disturbing a court order), or that amendment of the Complaint would be "futile," *see Alston*, 363 F.3d at 235 (listing futility as a ground for refusing to grant leave to amend). Without expressing an opinion on whether the District Court has subject matter jurisdiction (or could have jurisdiction were the Complaint phrased differently), we note that Liggon-Redding has a colorable argument that it does. There is a dearth of case law in our Court on aggregation of claims

---

[1] In her Complaint, Liggon-Redding listed herself as "homeless" (with a P.O. box in New Jersey) she alleged that American is a resident of Florida and National is a resident of Ohio.

[2] We exercise appellate jurisdiction under 28 U.S.C. § 1291.

against multiple defendants, and in any event Liggon-Redding claims to have suffered well over $75,000 in damages as a result of underpayments to her and diversion of proceeds to National—damages that one could conceivably attribute to a single defendant in this case.

Accordingly, we vacate the District Court's order and remand the case for further proceedings. The Court should direct Liggon-Redding to amend her Complaint to state her claims against each defendant with precision, after which the Complaint and Summons should be served on each defendant. Finally, we emphasize that nothing in this opinion should be read to preclude either National or American from moving to dismiss for lack of subject matter jurisdiction or any other reason.