

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2009

# Bert Allen, III v. Amer Fedr Govt Empl

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3616

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Bert Allen, III v. Amer Fedr Govt Empl" (2009). *2009 Decisions.* Paper 1725.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1725

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-91                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3616
_____

BERT JOHN ALLEN, III,
                                                        Appellant

v.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES;
AFL-CIO; NATIONAL COUNCIL OF PRISONS LOCAL C-33;
ALL KNOWN AND UNKNOWN EMPLOYEES; UNKNOWN TITAN GROUP
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-02213)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 29, 2009


Before:  RENDELL, HARDIMAN and ROTH, Circuit Judges

(Filed: March 18, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

Bert John Allen, III, filed pro se this civil rights action pursuant to 28 U.S.C. § 1331, against the American Federation of Government Employees, AFL-CIO, the National Council of Prisons Local C-33, all known and unknown employees, and the Titan Group. In his complaint, Allen alleged that Defendants engaged in a conspiracy to permit torture, rape, and abuse to white Christian inmates throughout the prison system. In addition, Allen alleged that Defendants retaliated against him because of prior lawsuits and interfered with his access to the courts. The District Court for the Middle District of Pennsylvania dismissed his entire claim, sua sponte, as frivolous. Allen timely appealed. We affirmed the District Court's dismissal of the conspiracy claims, but vacated the dismissal of Allen's retaliation and access to the courts claims and remanded the matter for further proceedings. Allen v. Am. Fed'n of Gov't Employees, No. 06-4943, 2008 WL 1823425 (3d Cir. April 24, 2008). On June 25, 2008, the District Court issued an order directing Allen to file within fifteen days an amended complaint setting forth his claims of retaliation and access to the courts. An amended claim was not filed. On July 23, 2008, the District Court dismissed the action with prejudice for failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b)(2). Allen timely appeals. For the foregoing reasons, we will summarily affirm.

We review the district court's dismissal under an abuse of discretion standard. See Carter v. Albert Einstein Med. Ctr., 804 F.2d 805, 807 (3d Cir. 1986). We acknowledge

2

that dismissal with prejudice is a harsh remedy which a court should resort to only in rare cases, as the law favors the resolution of a litigant's claim on the merits. Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994). A court may dismiss a case with prejudice for want of prosecution under Fed. R. Civ. P. 41(b) in order to achieve the orderly and expeditious disposition of cases, however. Id. Ordinarily, when a court determines either sua sponte or upon a motion to dismiss for failure to prosecute, the court must consider the following factors: 1) extent of the party's personal responsibility; 2) prejudice to the opponent; 3) any history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) whether effective alternative sanctions are available; and 6) the meritoriousness of the claim or the defense. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

In this case, the District Court directed Allen to file an amended complaint within 15 days of the order being issued. No complaint was filed on Allen's behalf. Allen's failure to file an amended complaint plausibly signaled to the Court that he was not pursuing his claim. Moreover, the refusal to file an amended complaint, would have left the District Court uncertain of the contours of Allen's claims. Under these particular circumstances, we do not think it was error that the District Court did not explicitly weigh the Poulis factors. Allowing the matter to continue would not have helped Allen take steps to prosecute his claim. See id. (the district court was relieved from addressing the Poulis factors and correctly dismissed a suit where the plaintiff refused to prosecute her

3

claim); <u>Guyer v. Beard</u>, 907 F.2d 1424, 1429 (3d Cir. 1990) (dismissal of a habeas petition, without balancing the <u>Poulis</u> factors was proper because the petitioner refused to obey the district court's order). The District Court did not abuse its discretion when it dismissed Allen's claim for failure to prosecute. We note that after he filed his notice of appeal, Allen filed an affidavit with the District Court indicating, perhaps, that he did not receive the District Court's order requiring him to respond within 15 days.[1] As the affidavit post-dated the filing of Allen's notice of appeal, its handling is not properly before us. The District Court may wish, however, to consider whether Allen's arguments provide a basis for reopening the matter. <u>See</u> Fed R. Civ. P. 60(b); <u>Haines v. Kerner</u> 404 U.S. 519, 520-21 (1972).

Accordingly, we will summarily affirm. <u>See</u> I.O.P. 10.6. The motion for appointment of counsel is denied. <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 153-54 (3d Cir. 1993).

---

[1]Allen makes this contention more clearly in his notice of appeal and a statement submitted in support of his appeal.