**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1171
_____

JOHN GAGLIARDI,

Appellant

v.

WILLIAM STANDISH; JOY FLOWERS CONTI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 10-cv-01546)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 9, 2011

Before:  RENDELL, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(filed : June 16, 2011 )

_____

OPINION
_____

PER CURIAM

        John Gagliardi appeals pro se from the order of the District Court dismissing his

complaint.  We will affirm.

I.

Gagliardi's complaint, which names two federal judges, arises from previous actions that he filed in the United States District Court for the Western District of Pennsylvania. In 1986, Gagliardi filed six actions that were consolidated before The Honorable William L. Standish. Gagliardi moved to disqualify Judge Standish, who placed financial records accompanying the motion under seal in 1989. Gagliardi filed another action in 2006 that was assigned to The Honorable Joy Flowers Conti. Gagliardi moved to disqualify her as well and, according to him, court staff removed his papers from the record because they contained a picture of the judge that staff deemed improper.[1] Each of these actions was dismissed, and the appeal period long ago expired.

Gagliardi later filed the complaint at issue here, alleging generally that Judges Standish and Conti were biased against him and interfered with the public right of access to court records. The only specific relief he requests is that the District Court (1) "[o]rder a permanent and absolute recusal" of both judges from any proceeding involving him as a party or witness in the future, and (2) "[e]njoin the continued impoundment" of the documents referenced above. (Compl. at 15-16.) By order entered December 16, 2010, the District Court dismissed the complaint sua sponte for lack of subject matter jurisdiction. Gagliardi sought reconsideration, which the District Court denied.

---

[1] Despite Gagliardi's apparent claim that court staff removed his motion from the record altogether, a motion for disqualification and supporting affidavits are docketed and electronically available. (W.D. Pa. Civ. No. 06-cv-00095, Docket Nos. 17-19.)

Gagliardi appeals.[2]

## II.

Gagliardi argues that the District Court erred in dismissing his complaint before the defendants responded. Although district courts must dismiss complaints for lack of subject matter jurisdiction whenever it is lacking, see Fed. R. Civ. P. 12(h)(3), they generally should not do so before service of process, see Urbano v. Calissi, 353 F.2d 196, 197 (3d Cir. 1965).[3] We have never held, however, that dismissal before service invariably requires remand. Cf. 28 U.S.C. § 2111 (requiring determination of appeal "without regard to errors or defects which do not affect the substantial rights of the parties"). We conclude that the District Court's dismissal before service was harmless in this case because its lack of jurisdiction was apparent on the face of the complaint.

The District Court concluded that it lacked jurisdiction to adjudicate collateral challenges in the nature of appeals and alleged violations of the codes of judicial conduct.[4] We agree, and add that Gagliardi's specific requests for relief raise a more

---

[2] Gagliardi appeals only from the District Court's dismissal of his complaint and not its denial of reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and "[w]e review a district court's determination of its own subject matter jurisdiction de novo." Farina v. Nokia Inc., 625 F.3d 97, 110 (3d Cir. 2010). Gagliardi filed another motion for reconsideration and a motion to disqualify the District Judge at the same time he filed this appeal. The District Court denied those motions, but Gagliardi has not appealed from those rulings.

[3] The provisions of 28 U.S.C. § 1915(e)(2) do not apply to Gagliardi because he paid the fee to file his complaint.

[4] The District Court also noted that any other claims would be barred by judicial immunity. In response, Gagliardi emphasizes that he seeks only prospective

3

fundamental impediment. Article III of the Constitution extends the judicial power only to "Cases" or "Controversies." See Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66, 580 F.3d 185, 190 (3d Cir. 2009). Several justiciability doctrines, including standing and ripeness, flow from that limitation. See id. Under those doctrines, the judicial power extends only to injuries that, inter alia, are "'actual or imminent, not conjectural or hypothetical'" and that are likely to be redressed by a favorable decision. Pa. Prison Soc'y v. Cortes, 622 F.3d 215, 228 (3d Cir. 2010) (citation omitted).

Gagliardi claims no such injury here. First, he seeks an injunction barring Judges Standish and Conti from presiding over any action in which he might become involved in the future. Gagliardi, however, does not allege anything suggesting that that possibility is more than speculative. His prior actions are closed and the time for appealing has passed. Thus, this claim does not present a justiciable dispute. See Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1329 n.34 (11th Cir. 2002) (rejecting as unripe counsel's request for judge's disqualification from "any other . . . case in which she appears as counsel"); United States v. Sciarra, 851 F.2d 621, 636 (3d Cir. 1988) (holding that witnesses lacked standing to seek disqualification of judge where "there is no pending action before [him] in which the rights of the petitioners are at issue"). If Gagliardi files another action that is assigned to Judges Standish or Conti, then he can seek

---

injunctive relief, to which he argues immunity does not apply. We need not address that issue because the District Court's lack of jurisdiction is dispositive.

4

disqualification in that proceeding (though we express no opinion on whether it might be warranted).  See Sciarra, 851 F.2d at 636.

Second, Gagliardi does not claim any injury from the alleged state of the record. He does not claim any need for the documents that Judge Standish sealed in 1989, and he concedes that he "remains in possession" of the documents at issue in his proceeding before Judge Conti.  (Compl. at 13 ¶ 52.)  Cf. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 777 (3d Cir. 1994) (addressing third-party standing to seek "access to information or judicial proceedings").  Nor does he allege that the state of the record prevented him from taking any action in those proceedings or in any other.  To the contrary, if Gagliardi wished to contest the judges' alleged actions in those proceedings, then he could have sought relief on appeal.  As explained above, the time for doing so has passed.

One final matter merits mention.  Gagliardi argues that the District Judge should have recused himself in this case.  The denial of his disqualification motion is not before us, however, because he filed it after the District Court entered the only order under review.  Nor has Gagliardi raised anything calling the District Judge's partiality into question, and the District Court lacked jurisdiction over his complaint in any event.

Accordingly, we will affirm the judgment of the District Court.[5]

---

[5] The motions of proposed amicus-appellant Alan Wakefield for leave to proceed as amicus curiae, and of Gagliardi to join in that motion, are granted.